JOHN HURLEY v. JOHN BENDEL.[1]

December 24, 1896.

Nos. 10,424—(72).

### Assignment of Accounts—Validity—Action by Assignee.

H. sold a threshing machine to S. & E., and by parol contract they were to pay H. therefor from the first earnings of the machine. By use of the machine they earned an account of $84 against B., and thereupon they again agreed with H. that he should have and collect such account from B., to apply on their indebtedness to H., of which fact B. had due notice. *Held*, that such agreement operated as an assignment of said account from S. & E. to H.; that it need not be in writing; that H. thereby became the real party in interest, and might maintain an action in his own name for its recovery.

Appeal by plaintiff from an order of the district court for Lac Qui Parle county, Powers, J., denying a motion for a new trial, after an order granting defendant's motion at the close of plaintiff's testimony to dismiss the action. Reversed.

*E. T. Young*, for appellant.

An assignment of wages to be earned under an existing contract of employment is valid. Likewise where there is no contract of employment for a fixed time. But an assignment of wages expected to be earned in the future, not based on an existing contract, is void. Mulhall v. Quinn, 1 Gray, 105; Lehigh V. R. R. Co. v. Woodring, 116 Pa. St. 513, 9 Atl. 58. But the foregoing applies to earnings of an individual by his manual labor. In this case the question involves the earnings of machinery furnished by the plaintiff, but operated by the buyers. By the contract there was a reservation of all earnings in favor of plaintiff, who was to collect them.

This arrangement was devised to secure the purchase price of the machine. In most cases such security is given in the shape of an "earnings mortgage," so called. Such instruments are valid. Sandwich Mnfg. Co. v. Robinson, 83 Iowa, 567, 49 N. W. 1031; Sykes v. Hannawalt, 5 No. Dak. 335, 65 N. W. 682. This court having adopted the doctrine of potential existence to give effect to a mort-

[1] Reported in 69 N. W. 477.

gage on a crop not yet sown and to a mortgage on after-acquired merchandise, where such intent is manifest, should apply the doctrine to the future earnings of threshing machinery.

*H. L. Hayden*, for respondent.

BUCK, J.    In the fall of the year 1893 the plaintiff entered into a parol contract with Chris Swenson and Albert Englekin, co-partners, whereby plaintiff sold and delivered to them a certain threshing outfit, upon condition that they run the same during the fall, and out of the gross earnings thereof plaintiff should have and be the owner of and collect the first $400 as the purchase price of said machine, and recover the same from the parties for whom said co-partners should do the threshing.    They did so thresh during said fall, and in particular for the defendant, to the amount of $84, which sum said defendant agreed to pay for such threshing; and thereupon this plaintiff promptly notified the defendant that he (plaintiff) was the owner of said claim, and the manner in which he became the owner thereof, that he was to collect the same, and demanded of the defendant that he pay said threshing bill of $84 to this plaintiff.    At the time of giving such notice to the defendant, plaintiff called Swenson, one of the co-partners, into their presence, and made a statement of his agreement with Swenson & Englekin; and Swenson then said to defendant: "Yes; that was the agreement;" and that plaintiff was to collect the bills.    At that time defendant did not promise or refuse to pay the bill, but subsequentlv promised to pay it if he knew to whom to do so.

There can be no doubt but that he knew to whom to pay the bill, as he was notified to pay it to plaintiff by both plaintiff and Swenson & Englekin.    No one else was claiming it, and all parties who had an interest in it, and authority to direct its payment, had agreed that it should be paid to plaintiff, and it was then due and unpaid.    At this time the account actually existed.    Whether the first agreement between plaintiff and Swenson & Englekin was invalid as an attempt to sell the future earnings of the machine we need not discuss or decide.    After the bill or account of $84 was actually earned, the agreement between the parties operated as a valid assignment of it to plaintiff, and, as he thereby became the real party in interest of the account, he had the right to maintain an action in his own name

for its recovery. No particular form of words was necessary. The words used were sufficient to show an intent to transfer the account, and the consideration for so doing was a valuable one. No written instrument was necessary. 1 Am. & Eng. Enc. Law, p. 835. All parties fully understood the transaction, and were bound by it. The plaintiff should be paid his just and legal claim according to the agreement.

Order reversed.