## Jeffries *vs* Evans, &c.

ERROR TO THE BARREN CIRCUIT.

### Offset in Equity.

JUDGE BRECK delivered the opinion of the Court.

JEFFRIES exhibited his bill, and obtained an injunction, restraining the collection of a judgment obtained against him, H. S. Myers and J. W. Evans, by Alexander Evans, before a Justice of the Peace, for $21 84, and costs. He alledges that this judgment had been assigned by the plaintiff, to one Hanson Musgrove; that prior to its rendition, he had obtained two judgments against Alexander Evans, one for about $15, and the other for about $11, upon both of which executions had been returned *no property found*; that Evans was insolvent, and he prays that his judgments against him may be set off against the judgment recovered by said Evans. He makes said Evans, Musgrove, Myers and J. W. Evans, defendants.

Musgrove alone answers, claims the judgment in favor of Alexander Evans, by assignment, and resists the relief sought by the complainant.

The Circuit Judge dissolved the injunction, and dismissed the complainant's bill, with damages and costs, and he has brought the case to this Court for revision.

We are of opinion the decree is erroneous, and must be reversed.

The relief sought by the complainant, does not depend upon our statute authorizing *set-offs*. That statute is applicable only to suits at law. The right to an off-set in Chancery, exists independent of the statute, and is controlled only by the general principles of equity.

In this case the complainant was responsible for the judgment in favor of Evans, and to be relieved against such responsibility, he had a right, as Evans was insolvent, to set up his claims upon him in a Court of Equity. It is true the judgment was against him and others; but that fact did not affect his liability, and from any thing that appears in this record, he was equally entitled to re-

*Oct. 8.*

The case stated.

Off-sets in chancery do not depend upon our statute of set-off. but are allowed upon the general principles of equity.

One member of a firm will be allowed to off-set in equity his own judgment against an insolvent debtor, who seeks to coerce a judgment against such firm.

Where there are mutual judg'mts between parties, the assignee of one of them takes only a subordinate equity.

lief as if the judgment had been against him alone. Musgrove, by the assignment of Evans' judgment, obtained merely an equity, which was junior and subordinate to the elder equity of the complainant, which existed at the rendition of Evans' judgment, and of course prior to the assignment.

Whether the complainant could or not have relied upon the off-set at law, it is not necessary to decide, as even in that case, according to the principle recognized in *Merrill vs Fowler*, (6 *Dana*, 305,) the Chancellor would nevertheless have had jurisdiction.

The decree is reversed, and the cause remanded, with directions to perpetuate the complainant's injunction.

