Seth M. Milliken *et al. vs.* Robert Mannheimer *et al.*

Argued May 2, 1892.  Decided May 16, 1892.

**Garnishee's Disclosure of Facts not Affected by Denial of Indebtedness.**—Where a garnishee makes full disclosure, and the facts stated therein clearly establish his liability, his denial of indebtedness, in connection with such statement, becomes immaterial.

**Evidence.**—Evidence *held* sufficient to support an order for judgment against garnishees.

**Accommodation Notes not Due not Set-Off.**—Where the disclosure of a garnishee shows an indebtedness to the defendant in the principal action, evidence that the garnishee had made accommodation notes for such defendant, which were not shown to have been discounted or used, and which had not yet matured, *held* insufficient to establish a defense or set-off to the liability of the garnishee to the defendant.

**Opening the Hearing for Further Disclosure.**—Upon the record, *held, also,* that the decision of the trial court refusing an application for a further disclosure was within the sound discretion of the court.

Appeal by garnishees, Robert Mannheimer, Emil Mannheimer, Jacob Mannheimer, and Benjamin L. Goodkind, from a judgment of the District Court of Ramsey county, *Otis,* J., entered against them September 17, 1891, for $1,061.48.

These garnishees were on May 1, 1890, partners doing business at St. Paul under the firm name of Mannheimer Bros.  On that day the plaintiffs, Seth M. Milliken *et al.,* brought an action in the District Court of Ramsey county against the defendants, Sigmond Fecheimer et al., to recover a large amount.  On that day plaintiffs filed affidavit that the garnishees were indebted to the defendants in a sum exceeding $25, and issued a summons to them to appear before the court and make disclosure touching such indebtedness.  On May 24, 1890, the court appointed John L. Moon, Esq., Referee to take the disclosure, and he took it June 11, 1890, and made his report December 30, 1890.  From such disclosure it appeared that the garnishees, Mannheimer Bros., were indebted unto

the defendants, Fecheimer *et al.*, in the sum of $1,061.53 for goods bought by the garnishees of the defendants. But in February, 1890, Mannheimer Bros., at the request and for the accommodation of the defendants, made and delivered to them four negotiable notes for $6,250 each, due in six months. April 30, 1890, the defendants, Fecheimer *et al.*, secured Mannheimer Bros. against loss by assigning to that firm some claims for goods they had sold, and by deeding to Robert Mannheimer, one of the garnishees, a house and lot, No. 49 East Fifty-seventh street, New York. No one of these four accommodation notes was due when the garnishee summons was served. The District Court ordered judgment upon the disclosure for the plaintiffs for the $1,061.48. But the garnishees obtained a stay of proceedings, and in March, 1891, obtained an order that plaintiffs show cause why a rehearing should not be had, and they permitted to give further evidence, and show that they had since paid all four of said accommodation notes, and had not been able to collect out of the collateral security sufficient to reimburse them. They further stated that among the accounts assigned to them by Fecheimer *et al.* was this account against themselves for $1,061.48, and that they did not disclose this fact on the hearing before the referee because they and their counsel thought it unnecessary.

On June 16, 1891, that court discharged the order to show cause, and refused to open the case, or permit further disclosure, saying:

"There are many things which the court, in the exercise of a sound discretion, may do before verdict or decision, that it cannot or ought not to do after that result has been reached, except upon good cause shown, and misapprehension of the law on the part of counsel or surprise at the rulings of the court has been uniformly held not 'good cause' for a new trial. Most of the States in the Union have held to this effect, and I have been unable to find, nor has my attention been called to, any case to the contrary. This case seems to me in all respects analogous to a case in which a motion for a new trial is made, not upon the ground of newly-discovered evidence, but for the purpose of making use of evidence known to exist and at hand all the time, and not used because of the mistaken supposition of counsel that he had made out a sufficient defense without it."

*C. D. & Thos. D. O'Brien,* for appellant, cited:

*Stedman* v. *Vickery,* 42 Me. 132; *McMillan* v. *Hobson,* 41 Me. 131; *Allen* v. *Hazen,* 26 Mich. 142; *Collins* v. *Smith,* 12 Gray, 431; *Winsted Bank* v. *Adams,* 97 Mass. 110; *American Buttonhole Mach. Co.* v. *Burgess,* 75 Me. 52; *Carrique* v. *Sidebottom,* 3 Met. (Mass.) 297; *Tracy* v. *McGarty,* 12 R. I. 168; *Smith* v. *Brown,* 5 Cal. 118; *Bell* v. *Strow,* 59 Mo. 118; *Wingate* v. *Nutter,* 17 N. H. 256; *Drake* v. *Lake Shore & M. S. Ry. Co.,* 69 Mich. 168; *Hovey* v. *Crane,* 12 Pick. 167; *Meadowcroft* v. *Agnew,* 89 Ill. 469.

*Warner, Richardson & Lawrence,* for respondents, cited:

*Donnelly* v. *O'Connor,* 22 Minn. 309; *Fuller* v. *Hutchings,* 10 Cal. 523; *Hite* v. *Lenhart,* 7 Mo. 22; *Morgan* v. *Houston,* 25 Vt. 570; *Beals* v. *Beals,* 27 Ind. 77; *Heath* v. *Marshall,* 46 N. H. 40; *Handy* v. *Davis,* 38 N. H. 415; *Anderson* v. *Market Nat. Bank,* 66 How. Pr. 8; *Witters* v. *Sowles,* 31 Fed. Rep. 5; *Pickler* v. *Rainey,* 4 Heisk. 335; *Shields* v. *Burns,* 31 Ala. 535; *Sanford Mfg. Co.* v. *Wiggin,* 14 N. H. 441; *Smith* v. *Natchez Steamboat Co.,* 1 How. (Miss.) 479; *Taylor* v. *Harlow,* 11 How. Pr. 286; *Packer* v. *Heaton,* 9 Cal. 569; *Lawrence* v. *Fulton,* 19 Cal. 684; *Klockenbaum* v. *Pierson,* 22 Cal. 160; *Dothard* v. *Teague,* 40 Ala. 583; *Abell* v. *Simon,* 49 Md. 318; *McNeish* v. *Stewart,* 7 Cow. 474; *Philips* v. *Wheeler,* 10 Tex. 536; *Law* v. *Law,* 2 Grat. 366; *Northampton Bank* v. *Kidder,* 50 N. Y. Super. Ct. 246; *Beal* v. *Codding,* 32 Kan. 107.

VANDERBURGH, J. The first error assigned is that the court erred in ordering judgment against the garnishees upon their disclosure.

Upon full disclosure, the garnishees clearly admitted an indebtedness to the defendants in the action to the amount for which judgment was ordered at the time of the service of the garnishee summons. Undoubtedly, it must clearly and affirmatively appear by the disclosure that such indebtedness existed; but a denial of indebtedness is unavailing where the facts stated clearly establish it, since such denial may be based on an erroneous construction of the facts or the effect of the evidence. In this case the disclosure shows an indebtedness by the garnishees to the defendants in the action in a stated sum, for goods sold; but the evidence also shows that the gar-

nishees had delivered to them certain accommodation notes for a much larger amount, which were not yet due, and the witness did not know whether they had been discounted or not. It was then entirely uncertain whether the garnishees had incurred, or ever would incur, any liability on the notes.

Some courts adopt a very liberal construction in adjusting the matter of the liability of the garnishee, where there are mutual claims between him and the defendant, and hold that a liability of the latter to the garnishee, incurred before garnishment, and which becomes due before the disclosure, may be set off against the indebtedness of the garnishee in the proceeding against the latter. Other courts limit the right of set-off to claims due at the time of the service of the garnishee summons. Drake, Attachm. (7th Ed.) § 685, etc. But under either rule it is clear that no case for the allowance of a set-off is here made.

2. The report of the referee containing the disclosure was filed December 30, 1890. On February 24, 1891, on plaintiff's motion, judgment was ordered thereon against the garnishees. An application by the latter to have the case referred back to the referee for a further hearing and disclosure was also made, and, after a full hearing, denied by the court, on the ground that no case was presented warranting such relief.

The additional facts which the garnishees desired an opportunity to testify to were all known to them at the time of the original disclosure, and no satisfactory excuse appears for omitting to include the same in the evidence then taken. The garnishees supposed the additional evidence was unnecessary, because they were of the opinion that they were entitled to a discharge upon the evidence as it stood. This was no ground for the interposition of the court. They took the risk at their peril. In such case they could only appeal to the discretion of the court, on the ground of mistake, inadvertence, or excusable neglect; and this court would, in any event, only interfere with the decision of the trial court in case of an abuse of discretion, which was not the case here.

Judgment affirmed.

(Opinion published 52 N. W. Rep. 139.)