ALBERT WUNDERLICH v. MERCHANTS NATIONAL BANK.[1]

January 14, 1910.

Nos. 16,326—(82).

**Garnishment — Set-Off.**

The equitable doctrine of set-off may be applied by a court of equity in garnishment proceedings in all cases where the plaintiff presents no superior right.

**Same — Lien Subject to Equities.**

A lien acquired by garnishment is, in the absence of some special and superior right in plaintiff, subject to all equities existing between the garnishee and the defendant.

**Same — Insolvent Depositor's Unmatured Notes.**

A bank, summoned as garnishee in an action against one of its depositors, may set off against the depositor's general account unmatured notes held by it at the time of the service of the garnishee summons, when it appears that the depositor is insolvent.

**Same — Proof of Insolvency.**

It need not be shown that the depositor had at the time of the service of the summons been formally adjudged an insolvent in insolvency or bankruptcy proceedings. Insolvency in fact is all that is necessary to entitle the garnishee to the remedy.

In an action in the district court for Ramsey county between Armitage-Herschel Company, as plaintiff, and Jacob Barnet Amusement Company and Jacob Barnet, as defendants, the plaintiff garnisheed the Merchants National Bank. Albert Wunderlich, having been appointed trustee in bankruptcy of the defendants, and having succeeded to all the rights of the plaintiff in the proceedings, was made a party to the litigation and filed his complaint in intervention to enforce the lien created by the garnishment proceedings therein. The garnishee answered and claimed the right to set off against the moneys in its hands the two promissory notes mentioned in the opinion, and alleged it had paid to the receiver in bankruptcy

[1] Reported in 124 N. W. 223.

of the defendants the balance due from it after payment of said notes. The matter was heard before Brill, J., who found that intervener was not entitled to any relief. From an order denying intervener's motion for a new trial, he appealed. Affirmed.

*Charles J. Andre* and *E. H. Morphy,* for appellant.

*John F. Fitzpatrick,* for respondent.

BROWN, J.

In June, 1908, the Armitage-Herschel Company duly commenced an action against Jacob Barnet and Jacob Barnet Amusement Company to recover the sum of $900. At the commencement of the action garnishment proceedings were instituted against the Merchants National Bank, respondent on this appeal. The garnishee summons was served on June 30, and the date for disclosure set for July 23, 1908. On that day the garnishee appeared and disclosed that on the date the summons was served defendants had on deposit with it, subject to check, the sum of $1,138.99. At the same time, and as a part of the disclosure, the garnishee asserted and claimed the right to set off against this deposit account the amount of two promissory notes, of $500 each, which the bank then held against defendants, but which were not then due. One of the notes matured July 15, before the disclosure, and the other thereafter, on July 30, 1908. No actual application of the deposit account had at the time the summons was served been made towards the payment of the notes, nor entries to that effect been made on the books of the bank. At the time the garnishee summons was served both defendants were insolvent, but had not been formally so adjudged in bankruptcy or insolvency proceedings. On August 15, 1908, defendant Jacob Barnet was duly adjudged a bankrupt, and a like adjudication was made against the Amusement Company on September 1, 1908, and the intervener herein was duly commissioned as trustee in bankruptcy for both. Judgment was rendered in the main action against the defendants on October 17, 1908, for the sum of $1,001.45.

The lien of the garnishment, having been acquired within four months from the time defendants were adjudged bankrupts, was, as

to plaintiff, their trustee in the bankruptcy proceedings, an unlawful preference, and on the theory that it survived for the benefit of defendant's creditors, the intervener, as trustee, was by order of the court made a party to the action for the purpose of enforcing it. Plaintiff took no further part in the action. After being so made a party, intervener applied to the court below, upon the record and files in the cause, including the disclosure of the garnishee, for judgment against the garnishee for the amount of the judgment against defendants in the main action. At the hearing on this application, which was presented upon appropriate supplemental pleadings, the garnishee again insisted on its right to set off the amount of the promissory notes held by it against defendants' deposit account. The trial court sustained this right, denying intervener's application for judgment, and the latter appealed from an order denying a new trial.

The only question presented is tersely stated by appellant, as follows: May a bank summoned as garnishee in an action against an insolvent depositor, brought by a creditor of the latter, set off against the general deposit impounded by the garnishment a note held by the bank against the depositor which was not due when the garnishee summons was served?

The equitable doctrine of set-off had its origin in a very early day, and has always been applied by courts of equity, either with or without statutory authority, in all cases of mutual demands where the dictates of natural justice rendered it appropriate; no superior rights of third persons having intervened before suit. Waterman, Set-Off, § 17; Hawkins v. Freeman, 2 Eq. Cas. Abr. 10; Jeffries v. Evans, 6 B. Mon. 119, 43 Am. Dec. 158; Nashville v. Fourth Nat. Bank, 91 Tenn. 336, 18 S. W. 822, 15 L.R.A. 710. Insolvency of one of the mutual debtors is the foundation for this relief, to the exclusion of the demands of third persons, except in those cases where by special circumstances their rights are superior to those of the debtor invoking the remedy. "The natural equity," says Waterman, Set-Off, § 438, "to have mutual but unconnected demands between two parties who have been dealing with each other set off, is, as a general rule, superior to the claim of any other

'creditor who has not dealt with the insolvent upon the faith of the specific fund against which the right of off set is claimed." And this, it seems, is the generally accepted doctrine of a majority of the courts of this country and England. In this state the right is preserved by statute and made applicable to all cases of assignments of non-negotiable choses in action (R. L. 1905, § 4054), and has been applied without statutory sanction in insolvency proceedings. Stolze v. Bank of Minnesota, 67 Minn. 172, 69 N. W. 813.

Though the authorities are not in full harmony, the general trend of opinion sustains the right in garnishment as well as in insolvency or bankruptcy proceedings. Here defendants were depositors in garnishee bank, were insolvent, and the bank held their promissory notes to an amount equal to their deposit account. In this state of the facts, the bank was summoned as garnishee in an action against the depositors, and from the beginning insisted on its rights to set off the notes against the account. The authorities sustain the right. 2 Shinn, Attachment, § 624; Lannan v. Walter, 149 Mass. 14, 20 N. E. 196; Schuler v. Israel, 120 U. S. 506, 7 Sup. Ct. 648, 30 L. Ed. 707; St. Paul & M. Trust Co. v. Leck, 57 Minn. 87, 58 N. W. 826, 47 Am. St. 576; Lynde v. Watson, 52 Vt. 648; Smith v. Stearns, 19 Pick. 20; Bank v. Nathan, 138 Ala. 342, 35 South. 355; 20 Cyc. 1077, and cases cited.

It is stated in Shinn, Attachment, supra, that the policy of the law is that the garnishee, being an indifferent and sometimes an unwilling party to litigation, shall not be disturbed in his rights, and he is permitted to interpose in defense all equities and defenses existing in his favor at the time he is served with process, and which he might have enforced by any of the modes allowed at common law or by statute, had the action been brought against him by the defendant. The same principle is thus expressed in 20 Cyc. 1060: "Plaintiff, seeking to subject a debt due to the principal defendant, acquires no greater right by the service of a writ of garnishment than that which defendant could have asserted and enforced in an action against the garnishee; and the fact that garnishment process has been served on the garnishee places him in no worse position and under no greater liability than he would have been in or under

had an action at law been brought against him by defendant." See also Waples-Plattner v. Texas, 95 Tex. 486, 68 S. W. 265, 59 L. R. A. 353, 389.

While it is true that the plaintiff in garnishment proceedings acquires by the service of summons upon the garnishee a lien upon all money or property in his hands belonging to the defendant, the lien, existing by force of the garnishment only, is, under the doctrine stated, subject and inferior to the equities existing in favor of the garnishee against the defendant. The plaintiff in such an action stands in no better position than the defendant, with no greater rights. In fact, he occupies a position similar to that held by a purchaser of overdue commercial paper, or an assignee of a chose in action, which our statutes declare are taken subject to all equities and defenses in favor of the debtor. So the question in the case at bar is whether the bank, in an action by the depositor to recover the amount of his deposit, could interpose as a set-off notes held against him, though not yet due. The authorities cited answer the question in the affirmative. The fact that the notes were not due does not change the situation, from an equitable standpoint. Defendants were insolvent at the time the garnishment was served, and that fact furnishes the necessary foundation for an application of the right to set off. Nashville v. Fourth Nat. Bank, 91 Tenn. 336, 18 S. W. 822, 15 L. R. A. 710.

But it is insisted that defendants were not insolvent within the meaning of the law of equitable set-off. The fact of their insolvency at the time the garnishment summons was served is not questioned, however; but it is insisted that this is not enough—that to give rise to the right of set-off, especially of unmatured obligations, an adjudication of insolvency in insolvency or bankruptcy proceedings should appear. Or, as counsel express it: "Insolvency is a condition which must find expression in some act or declaration of the insolvent which can be given recognition in law."

We are unable to concur in this contention. Viewing the doctrine of equitable set-off in the light of its purpose, to protect the rights of all the parties, and to administer even and exact justice, it would seem that insolvency in fact, whether accompanied by judicial

recognition or not, is alone sufficient. To adopt counsel's contention and apply the limitation suggested would confine the right of set-off to insolvency or bankruptcy proceedings, and entirely exclude its application in garnishment proceedings; for such proceedings, as a rule, at least, precede insolvency or bankruptcy proceedings, wherein there is a judicial recognition of insolvency. So that, if adjudication of insolvency, or some act or declaration of the insolvent which the law would recognize as evidence of the fact, be essential, the right of set-off could rarely be granted in favor of a garnishee.

Nor does the fact, asserted by counsel for intervener, that the bank was unaware of the insolvency of defendants at the time the summons was served, militate against its position. Nor should it be deprived of the right it now insists upon because no demand had been made for the payment of the notes prior to the service of the summons. Whether it knew in fact of defendant's insolvency is in no proper view controlling. It asserted the right to set-off in its disclosure, and again when application for judgment was made by the intervener, and this was all it was required to do for the protection of its rights.

Order affirmed.