## SWAN CARLSON v. CHARLES STAFFORD.
## GILLIS BROTHERS COMPANY, GARNISHEE.[1]

April 1, 1926.

No. 25,164.

**Effect of service of garnishee summons.**

1. The service of a garnishee summons does not change the rights of the parties except to transfer to the plaintiff whatever claim the defendant had against the garnishee.

**Unaccepted order in form of bill of exchange was equitable assignment of garnishee's debt to defendant to amount specified.**

2. Prior to the service of the summons, the defendant, the garnishee and one Jameson had come to an understanding in effect that Jameson should sell a team of horses to defendant and take an order on the garnishee to secure the payment of a portion of the purchase price, and that the garnishee should pay the amount of the order out of its indebtedness to the defendant when he completed performance of a contract for the sale and delivery of timber. The order was in the form of a bill of exchange, but was not accepted by the garnishee in writing. *Held* that the transaction operated as an equitable assignment of the garnishee's indebtedness to the defendant in the amount represented by the order.

[1]Reported in 208 N. W. 413.

When clear that parties intended draft to be an assignment of debt and drawee consented, it will have that effect.

3. The rule that, before acceptance, a draft payable generally, and not out of any particular fund, will not operate as an assignment, is subject to the exception that, if the facts and circumstances show clearly that the parties intended that it should so operate and that the drawee had notice of that fact and consented, the law will give to the transaction the effect the parties intended it should have.

No laches on part of garnishee.

4. There was no laches on the part of the garnishee in applying for the vacation of the order for judgment against it.

Rule as to nonappealable order inapplicable.

5. Under the circumstances, the rule that an order refusing to vacate a nonappealable order is not appealable is not applicable.

Appeal and Error 3 C. J. p. 553 n. 47.
Assignments 5 C. J. p. 917 n. 48; p. 922 n. 69.
Garnishment 28 C. J. p. 243 n. 31; p. 337 n. 4.

Garnishment proceeding in which an order was made denying the garnishee's motion for a discharge and granting plaintiff's motion for judgment. From an order of the district court for Itasca county, Wright, J., denying the motion of Gillis Brothers Company, garnishee, to vacate its order granting plaintiff judgment against said garnishee and for an order requiring Edward Jameson to appear in the action and assert by complaint in intervention any claim he might have to moneys in the hands of garnishees, it appealed. Reversed and remanded.

*D. T. Collins*, for appellant.
*Howard W. Anderson*, for respondent.

LEES, C.

In a garnishment proceeding an order was made denying the garnishee's motion for a discharge and granting plaintiff's motion for judgment. The garnishee applied for the vacation of the order

and for permission to make a further disclosure. The application was denied and this appeal followed.

Among other things the record shows that in November, 1923, the defendant sold and agreed to deliver certain forest products to the garnishee. Defendant needed an additional team of horses to get out the wood he agreed to deliver. He purchased the team from one Edward Jameson for $475, paying $150 in cash and giving his note for $325, payable April 1, 1924, accompanied by an order on the garnishee in the following form:

"$325.00                                     Coleraine, Minn., Dec. 10, 1923.

"April 1, 1924, Pay to the Order of Edward Jameson Three Hundred Twenty-five & no/100 Dollars. Value received and charge the same to account of

(Signed) "Charles Stafford

"To—Gillis Brothers

"South Hibbing, Minn."

(Duplicate—Original held by First National Bank of Coleraine.)

A copy of the order was sent by the bank to the garnishee and received on December 12. It was not accepted in writing. At all times prior to April 5, 1924, the advances made to defendant by the garnishee exceeded the amount due under his contract of sale, but on April 5 a shipment of railroad ties was received, which balanced the account and gave defendant a credit of $318.84. This was the amount due from the garnishee on April 16, 1924, when the garnishee summons was served, but before the disclosure and on May 6, 1924, the garnishee paid it to Jameson.

The trial court was of the opinion that the order was an inland bill of exchange which did not operate as an assignment of any funds belonging to defendant which might be in the hands of the garnishee, and, since the order was not accepted in writing, the garnishee had no right to pay Jameson after the service of the garnishee summons. N. I. A. §§ 126, 127, 132 (G. S. 1923, §§ 7169, 7170, 7175) are referred to in support of this conclusion.

If this were all there is to the case, the ruling would have to be sustained, but there are additional facts which alter the situation.

In determining the legal rights of the parties, the test to be applied is this: If at any time after April 5 defendant had sued the garnishee and Jameson had intervened and claimed the balance due on the contract, would his claim have been superior to defendant's? The answer depends on the relations into which the parties entered in December, 1923.

The record shows that, to procure the team, defendant found it necessary to secure the payment of $325 to Jameson. He asked the garnishee whether he might give Jameson an order payable on the first of April. The garnishee replied that he might, and agreed to pay the order if the amount due defendant on April 1 was sufficient. The garnishee also gave Jameson its assurance that it would pay any order defendant gave him out of moneys which would become due to defendant under the timber contract. Thereupon Jameson made the sale and took the order. Presumably he relied on the assurance the garnishee had given him. In this situation could there be any question about the outcome of an action by defendant against the garnishee, to which Jameson was a party and in which the question was whether defendant or Jameson should receive the balance due from the garnishee under the timber contract? Certainly in a contest between defendant and Jameson to determine who had the better right to the money, Jameson would prevail. Plaintiff's standing is no better than defendant's for the rights of the parties were not changed by the garnishment proceeding except to transfer to the plaintiff whatever claim defendant had against the garnishee. Bacon v. Felthous, 103 Minn. 387, 115 N. W. 205; Security State Bank v. Brecht, 150 Minn. 502, 185 N. W. 1021.

If the garnishee had resisted Jameson's claim on the ground that it rested on an unaccepted bill of exchange, Jameson could point to the promise made in December and invoke the doctrine of estoppel, for on the strength of the promise he had parted with the possession of the team. Viewed from any angle, it would seem that the legal effect of the December transaction was to transfer to Jameson $325, payable out of any money which might be due from the garnishee to defendant after the timber contract had been per-

formed. Even if no written order had been given, the agreement to which defendant, the garnishee and Jameson were parties would have operated as an equitable assignment of the garnishee's indebtedness to defendant and would have enabled Jameson to maintain an action for the recovery thereof in his own name as the real party in interest. Hurley v. Bendel, 67 Minn. 41, 69 N. W. 477.

Moreover the rule that before acceptance a draft payable generally and not out of any particular fund or debt, will not operate as an assignment, has its exceptions, for there are cases which hold that, if there be proof of facts and circumstances showing clearly that the parties intended that the draft should operate as an assignment and that the drawee had notice thereof and assented thereto, the law will give to the transaction the effect the parties intended it should have. First Nat. Bank v. Rogers A. F. Co. 151 Minn. 243, 186 N. W. 575, and cases cited.

We reach the conclusion that, upon the showing made, the court should have held that the debt sought to be attached was assigned to Jameson and that he, instead of defendant, was the garnishee's creditor when the garnishee summons was served.

The order for judgment upon the disclosure was made on March 6, 1925. The application for relief was made on April 28, 1925. There was no delay of any consequence. The point that the garnishee was guilty of laches in applying for relief is clearly without merit.

No question is raised as to the appealability of the order brought here for review. The order for judgment against the garnishee was not appealable, Nikannis Co. v. City of Duluth, 108 Minn. 83, 121 N. W. 212, neither was the order refusing to discharge the garnishee, Security State Bank v. Brecht, supra. Ordinarily an appeal cannot be taken from an order refusing to vacate an unappealable order, but the rule is not inflexible.

In the instant case an appeal from the judgment against the garnishee would bring up the record behind the judgment. On that record the judgment would have to be affirmed, for the disclosure wholly failed to bring out the facts revealed by the affidavits upon

which the garnishee moved for the vacation of the order for judgment and for permission to make a supplementary disclosure. To deny the application was to deprive the garnishee of a substantial right by a final order made in a special proceeding. Such an order is appealable. Security State Bank v. Brecht, supra.

Milliken v. Mannheimer, 49 Minn. 521, 52 N. W. 139, is not controlling. There, the garnishees were represented by counsel when they made disclosure. They refrained from mentioning the facts upon which they later based an application for leave to make further disclosure. They offered no satisfactory excuse for their failure to relate all the facts. They deliberately took the risk of being held, because they were of the opinion that, as a matter of law, the facts they disclosed were sufficient to discharge them from liability as garnishees. Here, the garnishee was not represented by counsel until months after the disclosure. The officer who appeared to make the disclosure was unfamiliar with garnishment proceedings. He was examined by plaintiff's attorney. He answered the questions he was asked, but failed to mention matters which should have been brought out to put the court in possession of all the material facts. On the face of the disclosure, it appeared that the garnishee was indebted to defendant when the garnishee summons was served. The contrary would have appeared if all the facts had been elicited. Moreover the officer who made disclosure now says that the clerk of court did not write down all that he said in answer to the questions of plaintiff's attorney, and that, although he signed the disclosure, it is incomplete in that full minutes of his examination were not taken as directed by G. S. 1923, § 9362. Plaintiff filed no affidavits denying or explaining the statements in those filed by the garnishee, hence they must be taken as true.

Upon this showing the trial court, in the exercise of sound judicial discretion, should have given the garnishee an opportunity to make a further and more complete disclosure. To deny the opportunity was to compel the payment of the debt a second time—a penalty which the garnishee should not be made to suffer in view of the facts which stand admitted for the purposes of the motion.

The order appealed from is reversed and the case remanded for further proceedings in accordance herewith.