THEODORE B. KNUDSON v. E. R. ANDERSON AND
ANOTHER.
BUILDERS AND MANUFACTURERS MUTUAL CASUALTY
COMPANY AND ANOTHER, GARNISHEES.[1]

April 9, 1937.

No. 31,139.

[1]Reported in 272 N. W. 376.

*Robert J. McDonald* and *William H. DeParcq,* for appellant.

*Sweet, Johnson & Sands,* for respondent Hardware Mutual Casualty Company.

JULIUS J. OLSON, JUSTICE.

Plaintiff appeals from a judgment in favor of the garnishee Hardware Mutual Casualty Company, entered pursuant to an order granting its motion for judgment on the pleadings.

Plaintiff, a guest passenger in defendant Anderson's car, suffered personal injuries in a collision between the automobile driven by said Anderson and one driven by defendant Willard Hennings. To recover damages therefor he brought an action against them, also joining Charles H. DeFoe and O. F. Hennings, father of defendant Willard. A verdict was directed for DeFoe on the ground that at the time of the happening of the accident Willard was not acting within the scope and course of any employment by DeFoe. The issue as to the ownership of the car driven by Willard (whether in DeFoe or O. F. Hennings) at the time of this accident was not determined, the court being of opinion that this was a fact issue. The jury found for plaintiff as against the drivers (Anderson and Willard Hennings) but exonerated O. F. Hennings. Judgment was later entered upon the verdict. An execution having issued and having been returned unsatisfied, proceedings in garnishment were instituted, it being plaintiff's claim that the garnishees herein had issued to or in behalf of the respective defendants policies of liability insurance. At the time of disclosure the insurance underwriter of Anderson disclosed liability and that such liability was adequate to cover the entire verdict. The garnishee here involved, Hardware Mutual Casualty Company, denied liability. The trial

court lucidly states the issues presented and its reasons for the conclusion reached in its memorandum, from which we quote:

"After the disclosure was completed the supplemental complaint in this action was served, in which it is alleged that the policy of insurance issued to DeFoe also covered the defendant Willard Hennings. The defendant insurance company answered, and there was a reply. And it is upon these pleadings that the garnishee contends it is entitled to judgment. Whether or not that contention is sound depends, of course, upon the language of the statutes of the state prescribing the conditions under which garnishment may be made. Section 9359, Mason's Minn. Stat., 1927, reads: 'The service of the summons upon the garnishee shall attach and bind all the property and money in his hands or under his control belonging to the defendant, and all indebtedness owing by him to the defendant at the date of such service, to respond to final judgment in the action.' Section 9360, Mason's Minn. Stat., 1927, provides: 'and money or any other thing due or belonging to the defendant may be attached by this process before it has become payable, if its payment or delivery does not depend upon any contingency.' Section 9361, same volume, provides: 'No person or corporation shall be adjudged a garnishee in any of the following cases: 1. By reason of any money or other thing due to the defendant, unless at the time of the service of the summons the same is due absolutely, and without depending on any contingency.' * * *

"Willard Hennings is a stranger to the insurance policy unless the ownership of the automobile in question is in DeFoe. *On the face of the pleadings this ownership is disputed,* plaintiff alleging the ownership and the garnishee denying it.

"*On this state of facts it is plain that no such situation exists as is contemplated by the statute governing garnishments. There was no indebtedness owing at the time of the garnishment. There is no indebtedness absolute and without contingency, and hence there can be no valid garnishment.*

"*Before there can be an indebtedness existing between Willard Hennings and the garnishee there must be a legal determination of*

*their rights, and this action must be prosecuted by Hennings and not by his creditor.* See Stanek v. Libera, 73 Minn. 171, 75 N. W. 1124; Wilson v. Geiss, First State Bank of LeSueur Center, etc., 153 Minn. 211, 190 N. W. 61." (Italics supplied.)

We shall discuss the issues thus presented. The first and, we think, determinative question is whether the debt, if such there be on the part of the garnishee to defendant Willard, depends upon "any contingency" within the meaning of 2 Mason Minn. St. 1927, § 9361.

Many cases have been before this court in proceedings similar to those had in the instant case. The section upon which such proceedings are founded is 2 Mason Minn. St. 1927, § 9367, which reads as follows:

"Proceedings When Debt or Title Is Disputed—If the garnishee hold the garnished property by a title that is void as to defendant's creditors, he may be charged therefor although the defendant could not have maintained an action against him therefor; but in this, and in all other cases where the garnishee, upon full disclosure, denies his liability as such, the plaintiff may move the court at any time before the garnishee is discharged, on notice to both the defendant and garnishee, for leave to file a supplemental complaint making the latter a party to the action, and setting forth the facts upon which he claims to charge him; and, if probable cause is shown, such motion shall be granted. The supplemental complaint shall be served upon both defendant and garnishee, either or both of whom may answer, and the plaintiff may reply. The issues thus made up shall be brought to trial and tried as in other actions."

The reasoning of the court may be summarized thus: Hennings is a "stranger" to the policy, and his insurance coverage is dependent upon establishment of ownership of the offending vehicle in DeFoe at the time of plaintiff's injury; that as this ownership is denied by the garnishee's answer, therefore its obligation rests and depends upon a future event which may or may not happen, hence there was no indebtedness "absolute and without contingency"

when the garnishment summons was served; that determination of such title can only be had by suitable action to be prosecuted by Hennings and not by plaintiff as his creditor.

Liability of course hinges upon DeFoe's ownership of the car at time of accident. If that issue is affirmatively established, then the rider attached to the DeFoe policy, according to plaintiff's claim, being one of liability and not indemnity, was immediately effective as such, and as fully operative at time of accident as if the judgment in the main action were against the named assured. The rider, as far as here material, provides:

"ADDITIONAL ASSUREDS. The unqualified word 'Assured' includes not only the Named Assured but also * * * any person * * * while legally using for business or pleasure and with the permission of the Named Assured, any automobile owned by the Named Assured."

■ So the question becomes: Is the establishment of this fact issue a "contingency" within the meaning of § 9361? That necessarily involves construction of that section in connection with § 9367. We are in duty bound to construe the statute "as a whole and so as to harmonize and give effect to all its parts." 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 8951, and cases cited under note 65. "The logic of words should yield to the logic of realities." 6 Dunnell, Minn. Dig. 1932 Supp. § 8951, citing Di Santo v. Pennsylvania, 273 U. S. 34, 47 S. Ct. 267, 71 L. ed. 524. Bearing in mind that garnishment "is a mode of attaching property to secure and make effectual any judgment that may be rendered in the main action to which it is ancillary"; that it is "in the nature of a creditors' bill to reach assets of the defendant * * * a proceeding against the garnishee for the benefit of the plaintiff," [3 Dunnell, Minn. Dig. (2 ed. & Supp. 1932) § 3949], it is not difficult to reach the conclusion that mere denial by the garnishee of a fact issue does not create a "contingency" within the statutory provision under discussion. If the construction contended for by the garnishee were to be adopted an injured plaintiff who has gone so far as to secure judgment against an insured negligent defendant

might be left without remedy. The value of 2 Mason Minn. St. 1927, § 9367, might be wholly lost. A defeated hostile defendant, one perhaps without any financial responsibility, could and in many cases undoubtedly would seek to make for naught the very security that his insurance was intended to provide against. A construction resulting in absurdity, injustice, or inconvenience is to be avoided if the language used will reasonably bear any other construction. 6 Dunnell, Minn. Dig. (2 ed. & Supps. 1932, 1934) § 8947. Such construction should be adopted as will "give effect to the obvious legislative intent." *Id.* § 8937, and cases under note 95. "The practical construction of a statute by the bar for a long time is entitled to some weight, and in matters of practice it is entitled to great weight." *Id.* § 8952.

■ "The garnishment statutes are designed to protect creditors without injustice to debtors or garnishees. The purpose is to require the debtor of A to pay A's debt to B, and thereby be relieved from further liability to A. It is not contemplated that the garnishee shall interest himself for the protection of his creditor, who is the defendant in the original action; nor should the statute be so construed as to enable the garnishee to assist his creditor." M. St. P. & S. S. M. Ry. Co. v. Pierce, 103 Minn. 504, 508-509, 115 N. W. 649, 651; also 3 Dunnell, Minn. Dig. (2 ed.) §§ 3949, 3951.

The procedure here adopted by plaintiff is in strict conformity with proceedings heretofore employed in many of our cases. By means of this system an injured plaintiff has been permitted to reach the liability insurance carrier. The following cases amongst many are helpful: Eckert v. Joice, 152 Minn. 440, 189 N. W. 125; Oehme v. Johnson, 181 Minn. 138, 231 N. W. 817, 81 A. L. R. 1308; Peterson v. Maloney, 181 Minn. 437, 232 N. W. 790; Clarno v. Gamble-Robinson Co. 190 Minn. 256, 251 N. W. 268; Barry v. Sill, 191 Minn. 71, 253 N. W. 14.

■ In view of our prior cases, the purpose of § 9367 is, we think, quite clear. Under its first provision, if the garnishee holds property by title that is void as to defendant's creditors, he may be charged therefor although defendant could not have maintained

such action. In this and "in all other cases," so the section provides, where the garnishee, after full disclosure, denies his liability as such, plaintiff may move the court at any time before the garnishee is discharged for leave to file a supplemental complaint, making both defendant and garnishee parties to the cause. As a preliminary requirement the creditor must set forth the *facts* upon which he predicates liability. Then, "if probable cause is shown," the motion is to be granted. Thereupon a supplemental complaint must be served upon both defendant and garnishee, and either or both may answer and plaintiff may reply. *"The issues thus made up shall be brought to trial and tried as in other actions."* Clearly, then, a mere denial of liability does not prevent garnishment. "The contingency which will prevent garnishment is not presented by the mere fact of denial by the garnishee of the obligation. The *uncertainty* contemplated by the law *is one that conditions the obligation, rendering it uncertain* in the sense that it may never become due or owing, the determination of that being contingent upon the happening of some future event." (Italics supplied.) Ackerman v. Tobin (C. C. A.) 22 F. (2d) 541, 543; 28 C. J. "Garnishment," p. 130, § 172. And, in the same section (28 C. J. p. 132) *"the contingency must affect the actual liability of the garnishee* and be such as may prevent defendant from having any claim whatever against the garnishee or right to call him to an accounting, and not merely the title to the property in possession of the garnishee, or his liability upon an existing obligation, the force and effect of which may be in dispute between defendant and garnishee." (Italics supplied.)

Litigation is often, if not always, uncertain as to ultimate result. But that uncertainty after all is dependent upon establishment of the facts. When these are established the uncertainty no longer exists. We think the uncertainty or "contingency" referred to in the statute is such as is inherent in the obligation itself, not the uncertainty of what litigation may establish *as facts.*

The cases cited by the court in its memorandum contain language justifying its conclusions. But we must always bear in mind that

language used by a court must be construed in the light of the facts thereto applied. By so doing it is not difficult to find that those cases are not hostile to the result here reached.

We think the obvious purpose of § 9367 is to make available to an injured plaintiff the protection that the harm-doing defendant is insured against. The mere fact that the insurer denies liability does not, where the required preliminary steps provided by that section have been taken, relieve it from the duty of responding if and when the facts show liability. If plaintiff establishes the allegations of his complaint, then obviously there was no contingency respecting the garnishee's liability as and when the garnishment summons was served.

■ The law rightly shelters and protects the rights of the garnishee so that no harm can come to him beyond his actual liability. Plaintiff as a creditor of defendant can have no greater rights or remedies than those possessed by his debtor. The following cases are illustrative: Bacon v. Felthous, 103 Minn. 387, 115 N. W. 205; Wunderlich v. Merchants Nat. Bank, 109 Minn. 468, 124 N. W. 223, 27 L.R.A.(N.S.) 811, 134 A. S. R. 788, 18 Ann. Cas. 212; Carlson v. Stafford, 166 Minn. 481, 208 N. W. 413. The first syllabus paragraph in the last cited case states the rule: "The service of a garnishee summons does not change the rights of the parties except to transfer to the plaintiff whatever claim the defendant had against the garnishee."

■ The garnishee also contends that there can be no liability on its part as to this defendant because the latter has never given it notice of the loss. The supplemental complaint pleads notice by the named insured, DeFoe, to the insurer, and that the latter, pursuant to its contract, conducted his defense in the main action. The pleadings do not show that defendant was under any obligation to give notice. The insurance contract does not appear to require any notice from anyone except the named assured. Under these circumstances, it would seem that the present claim is purely an afterthought. The court makes no mention of any such issue having been brought to its attention.

The purpose of requiring proof of loss under a policy is to provide the insurer with information from which it may determine its liability. Short v. Great Northern L. Ins. Co. 179 Minn. 19, 23, 228 N. W. 440; 33 C. J. p. 17, § 665; Wold v. State Mut. L. Assur. Co. 198 Minn. 451, 270 N. W. 150.

As plaintiff's judgment is necessarily founded upon the identical facts as to which the garnishee defended its named assured, we fail to find any reason upon which it can now predicate lack of adequate notice.

Judgment reversed.