# MIDLAND LOAN FINANCE COMPANY v. LUTHER KISOR. STATE BANK OF MORRISTOWN, GARNISHEE.[1]

October 20, 1939.

No. 32,152.

G. Halvorson, for appellant.

William W. Pye, for garnishee-respondent.

[1]Reported in 287 N. W. 869.

JULIUS J. OLSON, JUSTICE.

Plaintiff, as a judgment creditor of defendant, sought collection by means of garnishment. After hearing had before the court, findings were made "that at the time of the service of the said garnishee summons on the garnishee, it had no money, property, or effects in its hands or under its control belonging to" defendant. Judgment was entered for the garnishee dismissing the cause on the merits as to it. Plaintiff appeals from the judgment.

Hereafter we shall refer to the garnishee as the bank. On the morning of September 21, 1936, defendant had on deposit in the bank $14.20. Some time prior to the service of the garnishment summons upon it he brought in an additional deposit of $790. A check for $816.50 given by defendant on September 18 came to the bank through its Minneapolis correspondent, Northwestern National Bank, with other items for collection, amounting in all to $3,742.94. (The bank's ledger shows that there were also two small checks charged against defendant's account that day, amounting to $11.85.) The bank charged these checks against defendant's deposit and thereby created an overdraft of $24.15. The overdraft was made good that day but after the service of the garnishment. We are concerned now only with the $816.50 check.

Some two hours before the service of the garnishment summons upon the bank it charged this check against defendant's account, stamped the check "Paid," and issued its draft to the Minneapolis bank to cover the total of all the checks received from it, $3,742.94. The draft was duly paid in the usual banking routine the next day at Minneapolis. There is therefore no question but that the bank has honored defendant's check in full. Nor do we think there is any substantial dispute that defendant's check was cashed and the draft to the Minneapolis bank issued some two hours before the garnishment summons was served. Plaintiff claims that the garnishment "took preference" over the $816.50 check "for the reason that the bank could not legally cash this check because it called for an amount in excess of the deposit

and that the bank had no legal right or authority to cash any check drawn in excess of the deposit." But at page 15 of its brief plaintiff says:

*"If the bank had in fact paid this check before the garnishment summons was served, it is very likely that it would be protected inasmuch as it could be claimed that credit was extended to the drawer* but the facts in this case does [sic] not permit of any such conclusion for there was no acceptance of the check and in fact the evidence shows conclusively that the bank did not propose to accept or pay the check until the additional deposit was made." (Italics supplied.)

■ Unfortunately for plaintiff, there is ample evidence to sustain the court's findings. This being so, plaintiff should know that there is nothing we can do about it.

■ And it is well to bear in mind that:

"A garnishee is regarded as an innocent person owing money to, or having in his possession property of, another, without fault or blame, and he is supposed to stand indifferent as to who shall have the money or property." 5 Am. Jur., Attachment and Garnishment, § 659.

■ In purpose and legal effect a garnishment proceeding is virtually an action brought by defendant in plaintiff's name against the garnishee resulting in subrogating the plaintiff to the right of the defendant against the garnishee. *Id.* § 821. As sometimes has been said, the garnishing creditor stands in the shoes of the defendant. (This is not always so, as for example where the garnishee has acquired money or other property of the defendant by means of fraudulent transfers. But there is no such situation here so we need not concern ourselves with that feature.) Plaintiff's cause is exactly the same as if defendant had sued the bank as of the moment the garnishment was served upon it. And, as we have said in prior cases:

"The law rightly shelters and protects the rights of the garnishee so that no harm can come to him beyond his actual lia-

bility. Plaintiff as a creditor of defendant can have no greater rights or remedies than those possessed by his debtor." Knudson v. Anderson, 199 Minn. 479, 486, 272 N. W. 376, 380.

■ Obviously, the service of the garnishment summons did not, nor could it, change the rights of the parties except to the extent of transferring to the plaintiff whatever claim the defendant then had against the garnishee bank. Carlson v. Stafford, 166 Minn. 481, 208 N. W. 413.

The judgment is affirmed.