KENNETH JOHNSON v. DUTCH MILL DAIRY, INC., AND ANOTHER.
STATE BANK OF LORETTO, GARNISHEE.[1]

May 29, 1952.

No. 35,716.

*Drake, Drake & Schreiner,* for appellant.
*Irving Juster,* for respondent.

CHRISTIANSON, JUSTICE.

This is an appeal from a judgment for plaintiff entered against the garnishee, State Bank of Loretto, hereinafter referred to as the bank.

[1]Reported in 54 N. W. (2d) 1.

The essential facts are as follows: Defendant Dutch Mill Dairy, Inc., maintained a checking account with the bank. On October 14, 1948, the Gartner Refrigeration Company brought an action against said defendant and served a garnishment summons on the bank garnisheeing defendant's checking account. The bank disclosed that it owed defendant $2,770.42. Thereafter, the bank permitted defendant to continue to draw checks on its account and to make deposits in a normal manner. On one or more occasions during the interval between the date of such garnishment and July 19, 1949, defendant's account was overdrawn but was subsequently replenished by new deposits.

On July 19, 1949, plaintiff, having instituted an action against defendant, also garnished the bank. The bank disclosed the sum of $2,615.11 owing to defendant at the time of such garnishment. On July 20, 1949, plaintiff again garnished the bank, but it is clear that the amount disclosed as due defendant at that time was of the funds garnished the day before, and plaintiff makes no claim on appeal to the sum disclosed pursuant to that garnishment. Subsequent to plaintiff's second garnishment on July 20, 1949, the bank again permitted defendant to draw upon its account and make new deposits. Between that day and August 9, 1949, when plaintiff again served a garnishment summons on the bank, defendant's entire account had, at one point, been withdrawn. However, new deposits brought the account up to $639.37 at the time plaintiff's third garnishment was run, and that sum was disclosed by the bank as then due defendant.

In its disclosures the bank claimed a right of setoff with respect to each of plaintiff's three garnishments by virtue of the $2,770.42 Gartner garnishment served on October 14, 1948. Thereafter, pursuant to M. S. A. 571.51, plaintiff filed a supplemental complaint against the bank seeking judgment against the bank for the total amount disclosed in the three separate garnishments. The bank answered, contending in effect that, since each of plaintiff's garnishments was for a sum less than the prior $2,770.42 Gartner gar-

nishment, plaintiff had garnished nothing and that his supplemental complaint should be dismissed.

On September 23, 1950, Gartner Refrigeration Company secured a judgment against defendant Dutch Mill Dairy, Inc., for $1,725.03, and had execution issued thereon. On the same day, the Hennepin county sheriff levied on the garnishee bank and collected the full amount of said judgment. On the same date, plaintiff obtained and entered judgment against defendant for $8,200, but because of payments defendant subsequently made there was a balance of $5,330 remaining unpaid thereon when the present proceedings came on for trial before the referee designated by the district court.

The referee, before whom the matter was heard, concluded that the bank, in permitting defendant to withdraw the entire sum originally garnished under the Gartner garnishment, had no right of setoff against plaintiff by reason thereof, and that plaintiff's first garnishment impounded the entire balance of $2,615.11 in defendant's account on July 19, 1949, free from any claim by the bank. The second garnishment served on July 20, 1949, was found to have impounded nothing, inasmuch as the credits of that date were the same as those plaintiff impounded the day before. However, since defendant's account was again entirely withdrawn and new deposits made before plaintiff's third garnishment was served, the referee found that it impounded the $639.37 which the bank disclosed as being due defendant on August 9, 1949. The referee's findings and conclusions were approved and confirmed by the district court, and thereafter both the bank and plaintiff moved in the alternative for amended findings or a new trial. Both motions were denied by the referee, and his orders denying the same were confirmed by the district court. Judgment thereafter was entered against the bank pursuant to the referee's findings in the respective amounts disclosed under the first and third garnishments, totaling the sum of $3,254.48, together with interest and costs. The bank alone appeals from the judgment.

The bank argues that the Gartner garnishment was entitled to priority and that it gave the bank a right of setoff against plaintiff's

subsequent garnishments notwithstanding the fact that the amount impounded under the Gartner garnishment was later withdrawn. The bank further argues that, since it has now been discharged from the Gartner garnishment, plaintiff's first garnishment was effective only to the extent of $890.08, and that it in turn gave rise to a right of setoff against plaintiff's third garnishment, which impounded the balance of $639.37 in defendant's account at that time. Thus, the bank contends that plaintiff was entitled to judgment for only $890.08, which is the difference between the $1,725.03 it paid on the Gartner execution and the $2,615.11 in the account when plaintiff's first garnishment was served.

The questions presented for decision are (1) whether the Gartner garnishment was entitled to priority, and (2) whether the bank acquired a right of setoff against plaintiff's subsequent garnishments by reason of the Gartner garnishment and its release of the garnished funds.

■ M. S. A. 571.42, subd. 1, provides:

"* * * service of the garnishee summons upon the garnishee shall attach and bind, to respond to final judgment in the action, * * * all indebtedness *owing* by him to the defendant *at the time of such service*."[2]  (Italics supplied.)

Thus, this court has described a garnishment as a "judicial warning to the garnishee" not to pay or restore property to the defendant, with the admonition that if he does so he may subject himself to judgment. Watson v. Goldstein, 176 Minn. 18, 25, 222 N. W. 509, 511.

In the instant case, the bank disregarded the judicial warning given in the Watson case. It did not impound the garnished funds until final judgment, as the statute requires, but rather it permitted defendant to withdraw all the credits which had been attached by the Gartner garnishment and by plaintiff's first gar-

---

[2]The garnishee is required to retain in his possession property of the defendant or indebtedness owing to the defendant in an amount not exceeding twice the amount of the plaintiff's claim against the defendant. § 571.47.

nishment. In paying over the garnished funds to defendant's order, the bank did so at its own risk and was not relieved from liability to Gartner or to plaintiff thereby.[3]

The bank's contention that the Gartner garnishment had a priority over plaintiff's subsequent garnishments must fall, in view of the well-settled principle that a garnishment impounds only those assets in possession of the garnishee at the time of the service of the garnishment summons. It does not reach assets subsequently acquired by the garnishee. Gilloley v. Sampson, 203 Minn. 233, 238, 281 N. W. 3, 5; 3 Dunnell, Dig. & Supp. § 3957; M. S. A. 571.42. Thus, the deposits which defendant made after service of the Gartner garnishment were not impounded by it, but rather were subject to subsequent garnishment by defendant's creditors. To hold otherwise would be to allow any undischarged garnishment of a bank account to remain a shield against other creditors of the depositor to the extent of the first garnishment, notwithstanding the fact that subsequent deposits are made. The depositor-debtor could deposit funds in his bank account and withdraw them at will, while creditors would be helpless to proceed against funds deposited and acquired after the first garnishment.

It is clear from the language of § 571.42 that the garnishment process is intended to impound only assets in the hands of the garnishee at the time the garnishee summons is served. It would be a perversion of the garnishment process to permit it to operate as a shield for the benefit of the debtor who subsequently acquires additional assets after a garnishment is served.

■ Likewise, we find no merit in the bank's contention that it acquired a right of setoff against plaintiff's subsequent garnishments by reason of the Gartner garnishment. When the bank paid out the garnished funds to defendant's order, it did so at its peril and became a contingent debtor of Gartner, depending upon whether Gartner ultimately secured a judgment in the main action against defendant and the judgment was not otherwise satisfied.

[3]See, 38 C. J. S., Garnishment, § 186a; 5 Am. Jur., Attachment and Garnishment, § 662.

Thus, the bank bases its right of setoff upon a claim which was not only contingent but also unmatured at the time plaintiff's garnishments were served. Since a garnishee may not set off a contingent and unmatured claim except under principles of equitable setoff not applicable here,[4] the bank's claim of such a right is clearly without merit. Taking this view of the case, it is unnecessary to consider the question of waiver. Cf. First Nat. B. & T. Co. v. Lundquist, 172 Okl. 453, 45 P. (2d) 524; Prudential Trust Co. v. Merchants' Nat. Bank, 66 Or. 224, 133 P. 1191; Brondum v. Rosenblum, 151 Miss. 91, 117 So. 363; Walters v. Bank of America Nat. T. & S. Assn. 9 Cal. (2d) 46, 69 P. (2d) 839, 110 A. L. R. 1259.

In holding that the bank acquired no right of setoff on account of the Gartner garnishment, we intimate no opinion as to what our conclusion would be if the Gartner judgment had been obtained and paid by the bank before plaintiff's garnishments. Likewise, since it does not appear that defendant was insolvent at the time plaintiff's garnishments were served, the question of what effect insolvency may have on a bank's right of setoff against its depositor's account need not be considered. See, Wunderlich v. Merchants Nat. Bank, 109 Minn. 468, 124 N. W. 223, 27 L.R.A. (N.S.) 811.

We conclude, therefore, that plaintiff by his garnishment of July 19, 1949, established his right to the $2,615.11 disclosed by the garnishee bank as due defendant on that date. The garnishment of July 20, 1949, impounded nothing, because the funds disclosed that day were those impounded by plaintiff's first garnishment. However, because the bank permitted defendant's account to be entirely withdrawn between July 20, 1949, and August 9, 1949, the garnishment of the latter date impounded the balance of $639.37 in the account on that date. Therefore, since in our opinion plaintiff was entitled to judgment against the bank for the full amount entered, the judgment of the district court should be affirmed.

Affirmed.

---

[4]See, Milliken v. Mannheimer, 49 Minn. 521, 52 N. W. 139; Wunderlich v. Merchants Nat. Bank, 109 Minn. 468, 124 N. W. 223, 27 L.R.A. (N.S.) 811; 38 C. J. S., Garnishment, §§ 203c and 203d; 5 Am. Jur., Attachment and Garnishment, § 787; 3 Dunnell, Dig. & Supp. § 3984.

KNUTSON, JUSTICE (concurring specially).

I concur in the result.

I am in full agreement with what has been said in the first subdivision of the majority opinion. I also agree with that part of the second subdivision holding that there is no right of setoff; but I cannot agree that the reason there is no setoff is due to the fact that the bank's claim is based on a contingent or unmatured claim against defendant.

If defendant desired to withdraw the money impounded by the Gartner garnishment, M. S. A. 571.61 provides a method whereby he could do so by giving the garnishee a bond. If such bond had been given, surely the bank, when new deposits of defendant were garnished by plaintiff, could not disregard the bond and claim a setoff against the funds garnished by plaintiff on account of the Gartner judgment which it had been compelled to pay. Its only recourse when it was obliged to pay the Gartner judgment would be to obtain reimbursement from the bond. When it paid out the money without a bond, it did so at its own risk. It stood in no better position than if it had demanded a bond, as it could do under the statute.

When the Gartner garnishment was served, the garnishee became a stakeholder of the money impounded. It was supposed to stand indifferent as to who should have the money or property, its obligation being to pay it out as directed by the court. 5 Am. Jur., Attachment and Garnishment, § 659; 38 C. J. S., Garnishment, § 185; Midland Loan Finance Co. v. Kisor, 206 Minn. 134, 287 N. W. 869. Theoretically, the bank, as stakeholder, still held the funds impounded by the Gartner garnishment to the extent required to pay the Gartner judgment when plaintiff served its garnishment summons and impounded new funds of defendant. Had the bank retained this money, as it was legally obligated to do, or obtained a bond, as the statute permits it to do, it would have no occasion to claim a setoff against the funds impounded by plaintiff. It cannot be permitted to acquire a setoff to the prejudice of plaintiff's rights by its illegal act in paying the money out to the depositor after such money was impounded by service of the Gartner garnishment.