## NORTHWESTERN NATIONAL BANK OF BLOOMINGTON-RICHFIELD v. DELTA STUDIOS, INC., AND ANOTHER. BELART, INC., GARNISHEE.

184 N. W. (2d) 3.

January 22, 1971—No. 42301.

*Grant W. Anderson,* for appellant.

*Stacker, Silverstein, Burke & Radsom* and *Kenneth J. Weil,* for defendant Krefting and the garnishee.

Heard before Knutson, C. J., and Nelson, Murphy, Rogosheske, and Frank T. Gallagher, JJ.

ROGOSHESKE, JUSTICE.

Appeal from an order dismissing a garnishment summons of plaintiff-appellant served upon the garnishee, Belart, Inc.

Two actions are involved here, and the facts and procedural background are relatively complicated. In 1965, defendant James Krefting commenced an action for damages in the amount of $28,880.11 for breach of an employment contract against garnishee, Belart, Inc. Trial of that action was begun on January 9, 1969. Defendant Krefting, who had left Minnesota and is no longer a resident here, returned to participate in the trial. On the day it began, a summons and complaint alleging indebtedness totaling $10,000 plus interest were served by plaintiff, Northwestern National Bank of Bloomington-Richfield, on Krefting and Delta Studios, Inc., of which Krefting was president.[1] In an assignment dated January 10, 1969, and received by the garnishee, Belart, on January 14, defendant Krefting assigned to his attorneys all sums of money recoverable from the garnishee, Belart. On January 13, 1969, the last day of trial of defendant Krefting's suit against garnishee Belart, a garnishment summons was served upon the latter, but service of the summons upon defendant Krefting failed and was not thereafter mailed. A garnishment disclosure was issued and served by garnishee Belart on January 29, although the disclosure was not filed with the trial court until July 14.

Proceedings in defendant Krefting's lawsuit against garnishee Belart continued, and on July 2, 1969, judgment was entered against garnishee Belart in the sum of $4,490.36 and notice of appeal was served on defendant Krefting. Thereafter, the two

[1] Delta Studios, although a party defendant in this lawsuit, is not involved in the appeal.

parties agreed to settle for a total sum of $3,000, provided defendant Krefting could obtain a release of plaintiff bank's garnishment or a court determination that said garnishment is of no force and effect. Consequently, defendant Krefting moved for dismissal of the garnishment, plaintiff bank replied and moved for judgment in its favor, and a hearing was held. Meanwhile on July 17, 1969, default judgment was entered for plaintiff bank against defendant Krefting and Delta Studios in the amount of $5,775. On October 16, 1969, the court issued its order dismissing the garnishment, denying plaintiff bank's motion for judgment against garnishee Belart, and denying defendant Krefting's motion for attorneys' fees. This appeal is from that order.

The lower court's order was not accompanied by findings of fact and conclusions of law, and plaintiff requested an amended order containing findings and conclusions. That motion was denied, although in doing so the court stated that the garnishment was dismissed because Henderson v. Northwest Airlines, Inc. 231 Minn. 503, 43 N. W. (2d) 786, was controlling and because plaintiff had failed to comply with Minn. St. 571.50. Accordingly, the basic issue posed by the parties on appeal is whether plaintiff's failure to file a supplemental complaint pursuant to § 571.50 rendered garnishee's disclosure conclusive against plaintiff. However, in our opinion, the lower court's dismissal of the garnishment must be affirmed without regard to the resolution of that issue.

The effect of the Minnesota garnishment statute and interpretive case law in essentially similar fact situations is to render ungarnishable an unliquidated and unlitigated claim. Minn. St. 571.43 provides in part:

"No person or corporation shall be adjudged a garnishee by reason of:

"(1) Any money or other thing due to the judgment debtor,

unless at the time of the service of the summons the same is due absolutely, and without depending on any contingency." [2]

Thus, contingent claims are not subject to garnishment. The question taking priority over the issue purportedly raised by the parties on this appeal is whether an unliquidated contractual claim is contingent within the meaning of the Minnesota statute. This is so because the garnishment summons in this case was served on January 13, 1969, after defendant's claim of garnishee's indebtedness was tried but prior to the district court's decision of the claim's validity. We have noted numerous times that a garnishment summons attaches and binds only the personal property, money, or indebtedness owed defendant and in garnishee's possession at the time the summons is served. Polzin v. Merila, 258 Minn. 93, 103 N. W. (2d) 198; Johnson v. Dutch Mill Dairy, Inc. 237 Minn. 117, 54 N. W. (2d) 1; Midland Loan Finance Co. v. Kisor, 206 Minn. 134, 287 N. W. 869. Thus, if defendant's claim is contingent at the time the garnishment summons is served, the garnishment is of no effect.

Our decisions and those of other jurisdictions clearly indicate that plaintiff's garnishment should have been dismissed as an attempt to garnish a contingent claim. In Northwestern Nat. Bank v. Hilton & Associates, 271 Minn. 564, 136 N. W. (2d) 646, we confronted the issue whether an unliquidated tort claim is subject to garnishment. In that case the court held that a tort claim under which indebtedness is contingent on proof of liability and damage is expressly excluded from the operation of the garnishment statute. As we said there, this conclusion is implicit in an earlier decision that a verdict upon which no judgment had been entered is not subject to garnishment. Lind v. Hurd, 148 Minn. 190, 181 N. W. 326. We see no reason that rule should not be extended to contested and unresolved contractual claims as well. Such appears to be the undisputed majority rule. 6 Am. Jur. (2d) Attachment and Garnishment, § 127.

Our decisions in Gustafson v. Johnson, 235 Minn. 358, 51

---

[2] The 1969 statute substituted "judgment debtor" for "defendant."

N. W. (2d) 108, and Knudson v. Anderson, 199 Minn. 479, 272 N. W. 376, cited by plaintiff bank, are not in conflict with our decision in this case. As we indicated in Northwestern Nat. Bank v. Hilton & Associates, *supra,* the holding in Gustafson was simply that an action for contribution is one for recovery of money and is therefore a main action in which garnishment could be served to obtain jurisdiction over a nonresident. The Knudson case, although seemingly similar to the instant case, can be distinguished on several grounds. Garnishment was there attempted on alleged automobile insurers who denied liability. This gave rise to a dispute over whether a car driven by an uninsured person was owned by another party who was insured. We reversed a trial court decision that garnishment was barred because the dispute constituted a contingency. We said mere denial by the garnishee and the uncertainty of what litigation may establish as facts are not contingencies within the meaning of the garnishment statute.

However, in Knudson, the litigation referred to was the garnishment proceeding and not a separate lawsuit as in the instant case. That situation is much different than this, where defendant Krefting's suit for damages for breach of contract against garnishee Belart was pending, with liability and damages undetermined, at the time the garnishment summons was served. Obviously, the garnishment proceedings themselves could not be deemed a contingency within the meaning of the statute. To so hold would preclude all garnishment where garnishee denies liability. It is in those situations that a supplemental complaint pursuant to § 571.50 must be filed to controvert garnishee's garnishment disclosure. But in the case now before the court, where totally separate litigation concerning defendant Krefting's claim against garnishee Belart was pending when the garnishment summons was served, that entire procedure is irrelevant since the unliquidated claim being adjudicated in a separate lawsuit is not subject to garnishment.

Affirmed.