## JOHN PASICH v. PETER POLGA.[1]

December 9, 1910.

Nos. 16,813—(147).

**Vacating default judgment.**
> Record considered, and *held,* that the trial court did not abuse its discretion in relieving the defendant from a default judgment and permitting him to answer.

Action in the district court for St. Louis county to recover $90.05, balance alleged to be due for goods sold and delivered. The facts are stated in the opinion. From an order, Hughes, J., setting aside the judgment by default in favor of plaintiff and allowing defendant to file an answer and defend the action, plaintiff appealed. Affirmed.

[1]Reported in 128 N. W. 669.

*D. T. Collins,* for appellant.
*Power, Power & Stratton,* for respondent.

START, C. J.

This action was brought in the district court of the county of St. Louis to recover a balance of $90.05 alleged to be due from defendant to the plaintiff for goods sold and delivered. The summons was personally served on the defendant August 9, 1909. On September 2, 1909, his answer was served, which admitted that he was indebted to the plaintiff in the sum of $23, payment of which had been duly tendered, and denied the other allegations of the complaint. The answer was returned, because not served in time. On September 8 the defendant served notice of a motion, returnable September 18, to be relieved from his default and for leave to serve his answer. The time for the hearing of the motion was, according to the affidavits on the part of the defendant, held open indefinitely for the convenience of the respective attorneys. This claim was denied by plaintiff's attorney. The plaintiff caused judgment to be entered by default November 30; the motion not having been called up in the meantime.

It appears from the affidavit of the defendant's attorney having charge of the defense that he had no notice of the entry of the judgment until after April 9, 1910; but by the affidavit of plaintiff's attorney it appears that defendant's attorney was so informed in the presence of the trial judge on December 9, 1909. On April 9, 1910, execution was issued on the judgment, and defendant's property levied upon and posted for sale on June 10. On May 14, 1910, a motion on behalf of the defendant was heard, pursuant to notice, to be relieved from his default and be permitted to answer. The motion was taken under advisement, and on June 9 the court made its order granting the motion, but under the express condition that the defendant give a bond, approved by the court, for the payment of any judgment which might be rendered against him, and for the payment of all costs incurred by the plaintiff between the date of the original judgment and the order, with $10 costs of the motion. The bond, approved by the court, was given. The plaintiff appealed from

the order, and here urges that the trial judge manifestly abused his discretion in making the order.

If the original motion had been brought on for hearing within a reasonable time, it is reasonably clear from the moving papers that the trial court would have been fully justified in granting the relief sought. It is also clear from the record that, if the second motion had been denied, there would have been no fair basis for claiming that the act was an abuse of discretion. It does not follow from this that the reverse is true; and the granting of the relief was an abuse of discretion. We have reached the conclusion, in view of the care taken by the trial judge to protect the plaintiff by the conditions imposed, and the fact that there was a conflict in the evidence in some material particulars, that the order was a fair exercise of judicial discretion.

Order affirmed.