ELLA C. HOLLAND v. W. H. NICHOLS AND ANOTHER.[1]

April 27, 1917.

Nos. 20,227—(52).

**Execution — lien of levy lost by lapse of time.**
   1. When a levy is made, under an execution, on personal property in the hands of a third party, a receipt taken by the officer pursuant to G. S. 1913, §7935, and no further steps taken for the period of seven months, the levy becomes ineffectual as a lien against such property.

**Garnishment — dismissed by dismissal of main action.**
   2. Where, subsequent to a full disclosure by a garnishee, the venue in the main action is changed to another county and there dismissed, such dismissal, in effect, discharges the garnishment, as no judgment, under the provisions of G. S. 1913, § 7872, can be rendered against a garnishee until after judgment is rendered against the defendant.

**Chattel mortgage — nonpayment — evidence.**
   3. *Held*, that the evidence does not justify the finding that the chattel mortgage for $1,200 had not been paid.

Action in the district court for St. Louis county to foreclose a chattel mortgage to secure the payment of $3,490. The case was tried before Hughes, J., who made findings and ordered judgment in favor of defendants. From an order denying her motion for a new trial, plaintiff appealed. Reversed.

*C. D. & R. D. O'Brien,* for appellant.
*Edward L. Boyle,* for respondents.

QUINN, J.

Action by Ella C. Holland to foreclose a chattel mortgage given to her by the defendant Nichols, and to recover possession of the five promissory notes secured thereby from the defendant Boyle.

On June 4, 1914, the plaintiff sold the machinery and equipment of the Eveleth Steam Laundry to the defendant at the agreed price of

[1] Reported in 162 N. W. 468.

$5,990, conveying the same by bill of sale in which her husband joined. Of the above amount, $2,500 was paid in cash, and the defendant executed to the plaintiff five promissory notes aggregating $3,490, payable to the order of the plaintiff, with interest at the rate of 6 per cent per annum, and maturing in one, two, three, four and five years from their dates, the first of these notes being for $500 and maturing June 4, 1915. To secure the payment of these notes, the defendant executed to the plaintiff a chattel mortgage covering all of said machinery and equipment, excepting the horses, wagons, harnesses and six laundry baskets which had not been delivered to him. This mortgage was filed in the office of the register of deeds of the county of St. Louis. Contemporaneous with the execution of the bill of sale and the giving of this chattel mortgage, and as a part of the transaction between the plaintiff and defendant, the plaintiff and her husband executed to the defendant a bond to indemnify him against loss on account of any and all liens or claims against the plaintiff or her husband, and the five promissory notes were, by agreement of the parties, deposited with the defendant Boyle, as further security and to indemnify the defendant against loss or damages occasioned to him on account of any claims or liens against the plaintiff or her husband.

On January 20, 1914, two judgments against the plaintiff's husband, one for $168.33 and one for $283.75, were docketed in the office of the clerk of the district court of St. Louis county, and on June 22, 1915, executions issued thereon and placed in the hands of the sheriff of the county for collection. The sheriff, on that day, levied upon the notes in Boyle's possession, Boyle receipting for the same pursuant to G. S. 1913, § 7935. It does not appear from the record that anything further was ever done on account of such levy. This action was tried January 25, 1916, more than seven months after the levy was made; the executions were never renewed nor were any further steps taken to enforce the same against the notes. The notes were the property of Ella C. Holland and not the property of Henry Holland, the judgment debtor named in the executions, and therefore were not subject to levy thereunder. True the notes were pledged for the purpose of protecting the defendant Nichols against loss, in case of any claims or liens being enforced against the property which he purchased from plaintiff, but that would not subject her prop-

erty to levy under an execution against her husband and in favor of a third party.

In 1915 an action was commenced in the district court of St. Louis county by the Troy Laundry against the plaintiff; a garnishee summons was issued therein, and on July 7 served upon the defendant Boyle. On July 31, Boyle made a full disclosure concerning the notes in his possession. It does not appear that any notice has ever been served upon Boyle discharging him in the garnishee proceeding, but it does appear that subsequent to his disclosure the venue in the main action was changed to Ramsey county, and that it was there dismissed; and, as no judgment may be rendered against a garnishee until after judgment is rendered against the defendant, the dismissal of the main action, in effect, discharges the garnishee. G. S. 1913, § 7872.

.Some time prior to the giving of the bill of sale in question, the plaintiff's husband owned and operated the Eveleth Steam Laundry, and on December 19, 1908, he executed a chattel mortgage thereon to one E. G. Hilliard in the sum of $1,200, and on July 22, 1909, this chattel mortgage was filed for record in the office of the city clerk of the city of Eveleth. Subsequent thereto, under the provisions of G. S. 1913, § 6985, the chattel mortgage record kept by the city clerk of Eveleth was delivered to the register of deeds of St. Louis county. This record was offered in evidence upon the trial, and it does not appear therefrom that such chattel mortgage has ever been satisfied. The chattel mortgage was not put in evidence. It was executed nearly six years before the giving of the mortgage here in question, and the record nowhere discloses that it covered the same machinery or equipments covered by the mortgage of June 4, 1914. There is no evidence bearing upon this question, except that it appears that it covered the Eveleth Steam Laundry. At the trial there was evidence offered to the effect that, at the time of the giving of the bill of sale and chattel mortgage here in question, there was a balance due on that mortgage of only $75, and that the same was paid at that time by a check drawn by defendant Nichols. After the trial was closed, and upon application duly made, testimony was offered and the defendant Boyle testified that:

"Said Hilliard chattel mortgage was not paid at the Miners' National Bank of Eveleth at the time of the purchase of said Eveleth Steam Laun-

dry, and the same has never been paid in the presence of or to the knowledge of said defendants or either of them."

The defendant Nichols was present at the time of trial and could have testified as to whether he drew a check for the payment of the balance of this chattel mortgage, but he gave no testimony in relation thereto.

In disposing of the case the trial court found in favor of the defendants and against the plaintiff; that the plaintiff was not entitled to the possession of the notes in question or of any of them, and that she was not entitled to a judgment of foreclosure of the chattel mortgage until Boyle be discharged from liability by reason of the levies made upon the executions herein referred to, and from liability as garnishee in the action of the Troy Laundry against the plaintiff, and until the Hilliard chattel mortgage be satisfied. From an order denying her motion for a new trial, the plaintiff appealed.

We are of the opinion that the trial court was in error in holding that the Hilliard mortgage had not been paid; that the levies under the execution in question became a lien against the notes in the hands of Boyle; that Boyle was not released from the garnishee proceeding; and that, for these reasons, a new trial should be granted. The order appealed from is reversed.