CREDIT SERVICE COMPANY v. DOUGLAS
LINNEROOTH AND ANOTHER.
UNIVAC DIVISION OF SPERRY RAND
CORPORATION, GARNISHEE.

187 N. W. (2d) 632.

May 21, 1971—No. 42449.

*Dale C. Nathan* and *Donald E. Gross,* for appellant.

*Norman E. Stewart,* for respondent.

Heard before Nelson, Otis, Peterson, Kelly, and Rolloff, JJ.

CLARENCE A. ROLLOFF, JUSTICE.*

This is an appeal from a judgment against the garnishee in the sum of $89.37. Plaintiff commenced an action in the District Court of Hennepin County for the recovery of $74. The summons and complaint were served on defendants, Mr. and Mrs. Douglas Linnerooth, on May 9, 1967. The defendants failed to answer, but judgment was not entered until June 23, 1969. Mrs. Douglas Linnerooth, hereinafter referred to as defendant, was an employee of Univac Division of Sperry Rand Corporation, hereinafter referred to as Univac. On May 15, 1969, and again on May 28, 1969, plaintiff caused a garnishment summons to be served on Univac. Univac disclosed a net due to defendant of $43.56 and $45.81 under the respective garnishments.

By coincidence, two things happened on June 9, 1969. First, the United States Supreme Court in Sniadach v. Family Finance Corp. of Bay View, 395 U. S. 337, 89 S. Ct. 1820, 23 L. ed. (2d) 349, decided that the Wisconsin statute permitting prejudgment garnishment of wages was unconstitutional, being in violation of the due process clause of the Fourteenth Amendment because the statute afforded a wage earner no opportunity for a pregarnishment hearing as to the genuineness of plaintiff's claim. Second, the Minnesota Legislature, by L. 1969, c. 1142, amended

---

*Acting as Justice of the Supreme Court by appointment pursuant to Minn. Const. art. 6, § 2, and Minn. St. 2.724, subd. 2.

the garnishment law, Minn. St. 1967, § 571.41, to prohibit garnishments before judgment except in certain cases.

After these events, the garnishee, apparently without request from anyone, released the garnished funds in this case, as well as funds held by it in 136 other garnishments. On June 23, 1969, a default judgment for $123.65 was entered against the defendants. In response to a writ of execution issued and served July 2, 1969, the garnishee remitted $22.44 (25 percent of the wages due defendant at the time of the levy) and advised plaintiff that the amounts withheld under the earlier garnishments, totaling $89.37, had been released. On July 29 plaintiff moved for judgment against Univac for that amount. Univac brought this appeal following the entry of judgment on December 8, 1969.

The issue in this case is whether a garnishee was under an obligation to continue holding the funds garnished pursuant to a Minnesota law which was later held to be unconstitutional.

Minn St. 1967, § 571.41, provided in part:

"In any action in a court of record or justice court for the recovery of money, at the time of issuing the summons or at any time during the pendency of the action or after judgment therein against the defendant, a garnishee summons may be issued * * *."

The garnishments in this case were issued under this law.

In Jones Press v. Motor Travel Services, Inc. 286 Minn. 205, 176 N. W. (2d) 87, the plaintiff caused garnishments to be served on 16 of the defendant's customers at the time the action was commenced. To secure a bond for the release of the garnishments, the defendant posted a letter of credit. Thereafter, it moved the trial court for an order canceling the garnishment bond. The appeal was from a denial of the motion. This court reversed, stating (286 Minn. 209, 176 N. W. [2d] 90):

"* * * [W]e are of the opinion and hold that *as here applied* Minn. St. 1967, §§ 571.41, 571.42, and 571.60, are unconstitutional." (Italics supplied.)

It is quite clear that § 571.41 was not unconstitutional in all respects since it permitted garnishment *after judgment*. The only provision held unconstitutional was the portion of the statute which permitted garnishment *before judgment*—"as here applied." The basis of the decision was that the defendant in that case had not had an opportunity to be heard on the merits of the case. It is to be noted that in each of the above cases the defendant raised the issue of unconstitutionality whereas here it is the garnishee who raises the question. In the instant case, the defendant was in default for want of an answer at the time the garnishments were served on Univac. Defendant had an opportunity to be heard on the merits of plaintiff's claim but failed to exercise that right. After default, there was no longer any issue as to due process that could be raised under the circumstances of this case.

In the case of Chicot County Drainage Dist. v. Baxter State Bank, 308 U. S. 371, 60 S. Ct. 317, 84 L. ed. 329, the bank sought recovery on bonds issued by the drainage district. The district claimed that its obligations had been canceled by proceedings under the Municipal-Debt Readjustment Act. The district court ruled in favor of the bank on the ground that the Municipal-Debt Readjustment Act had been held unconstitutional and that therefore the proceedings under that act were invalid and the obligations of the drainage district were not canceled. The Supreme Court reversed, holding that the bank had had notice of the debt readjustment proceedings and did not raise the question of the constitutionality of the act. While the court determined the case on the basis of res judicata, it stated:

"The courts below have proceeded on the theory that the Act of Congress, having been found to be unconstitutional, was not a law; that it was inoperative, conferring no rights and imposing no duties, and hence affording no basis for the challenged decree. * * * It is quite clear, however, that such broad statements as to the effect of a determination of unconstitutionality must be taken with qualifications. The actual existence of a stat-

ute, prior to such a determination, is an operative fact and may have consequences which cannot justly be ignored. The past cannot always be erased by a new judicial declaration. The effect of the subsequent ruling as to invalidity may have to be considered in various aspects * * *. Questions of rights claimed to have become vested, of status, of prior determinations deemed to have finality and acted upon accordingly, of public policy in the light of the nature both of the statute and of its previous application, demand examination. These questions are among the most difficult of those which have engaged the attention of courts, state and federal, and it is manifest from numerous decisions that an all-inclusive statement of a principle of absolute retroactive invalidity cannot be justified." 308 U. S. 374, 60 S. Ct. 318, 84 L. ed. 332.

Univac released the garnished funds apparently without knowing or inquiring whether the defendant had had an opportunity to be heard, whether an answer had been interposed, whether she was in default, or whether judgment had been entered against her. Minn. St. 1967, § 571.41, was not absolutely retroactively unconstitutional. The rights of the plaintiff had vested under § 571.41 at the time of the garnishment proceedings because it then had a right to enter judgment in the main case. Rules 55.01 and 12.01, Rules of Civil Procedure. The fact that it did not do so for about 2 years is not relevant. If the plaintiff had entered judgment in the main action on June 8, 1969, the garnishee could not then claim to be justified in releasing the garnished funds. The fact that judgment was entered later does not give the garnishee any greater justification for releasing the funds.

We hold that the garnishee was under an obligation to continue to hold the funds of defendant subject to proceedings to have the funds applied on the claim of plaintiff. The judgment is affirmed.

Affirmed.