NIELSEN, STOCK & BLACKBURN AND ANOTHER v.
FINANCIAL ACCEPTANCE CORPORATION OF
MINNESOTA, INC.
FRANKLIN NATIONAL BANK, GARNISHEE.

216 N. W. 2d 693.

March 29, 1974—No. 44326.

*Michael J. Priestly*, for appellant.

*Arthur J. Stock*, pro se, for respondent plaintiffs.

TODD, JUSTICE.

The garnishee bank appeals from a judgment entered against it for funds which plaintiffs had garnished and the appellant had released without an order of the court permitting the release. We affirm.

Plaintiffs commenced action against defendant, Financial Acceptance Corporation of Minnesota, Inc., for services rendered. The summons and complaint were served on November 16, 1972. After expiration of the time for answer, on December 19, 1972, plaintiffs obtained a default judgment against defendant. On December 20, 1972, a garnishment summons based on the judgment was served on appellant bank. On December 26, 1972, the bank made written disclosure to plaintiffs that it was holding $2,001.02 of the judgment debtor's funds pursuant to the garnishment. The bank claimed no offsets against these funds.

On December 20, 1972, defendant was advised by the bank of the service of the garnishment summons. Two days later defendant served and filed a motion for an order vacating the default judgment. The motion was heard on December 29, 1972, and the court on that day ordered the judgment vacated upon payment to plaintiffs of $100 fees arising out of defendant's motion and filing of a note of issue. It also ordered that the case be placed

on the calendar for immediate trial upon filing of the note of issue. No mention was made in this order of the garnished funds.

On January 4, 1973, plaintiffs moved for an order or amended order clarifying the order of December 29. On January 11, 1973, the court heard plaintiffs' motion together with defendant's motion to release the garnished funds. The court denied defendant's motion and issued an order amending its original order of December 29, 1972, by adding the following provision:

"(3)   The garnishment issued on Franklin National Bank, as garnishee, by Plaintiffs shall not be disturbed and shall remain in full force and effect pending final determination of the matter herein, except, however, Defendant may file herein a surety bond in favor of Plaintiffs in an amount not less than $2,000.00 and thereupon apply to this Court for an Order releasing said garnishee."

After jury trial on January 25, 1973, the court ordered judgment for plaintiffs in the amount of $2,129.75. On February 2, 1973, a sheriff's levy of execution against the garnished funds was returned unsatisfied. On February 22, 1973, plaintiffs applied to the court for an order to show cause why judgment should not be entered against the garnishee bank in the amount of $2,001.02.

The bank responded to the motion by affidavit of one of its officers disclosing that it had been informed on January 5, 1973, that the original judgment had been vacated; that a representative of the bank had examined the court files and observed the original court order of December 29, 1972, vacating the judgment; that on January 24, without further examination of the court files and without an order of the court, the bank released the garnished funds of defendant and permitted defendant to withdraw some of the funds, and at the time of the levy of execution claimed an offset against the balance of the funds. On March 15, 1973, the court ordered judgment for plaintiffs against the garnishee bank.

On appeal the bank contends that a garnishment based upon a vacated judgment cannot continue in effect and that a court cannot require, as a condition for vacating a judgment, that the garnishment remain in effect without notice to the garnishee and before the trial on the merits.

■ The bank does not attack the jurisdiction of the court or the validity of the original judgment and the garnishment summons served upon it following the entry of judgment. These proceedings arose after the United States Supreme Court decision in Sniadach v. Family Finance Corp. 395 U. S. 337, 89 S. Ct. 1820, 23 L. ed. 2d 349 (1969). The court there prohibited certain prejudgment garnishments. In response thereto our legislature amended Minn. St. 571.41, restricting the use of prejudgment garnishments.[1] The garnishment served on the bank following entry of the original judgment was proper and valid under the statute and the holding of Sniadach.

We have held that a dismissal of the main action operates to discharge a garnishment. Holland v. Nichols, 136 Minn. 354, 162 N. W. 468 (1917). However, we refuse to extend this principle to default judgments which the trial court vacates to permit trial on the merits under Rule 60.02, Rules of Civil Procedure. In the former situation the trial court relinquishes jurisdiction over the entire subject matter including any ancillary proceedings. In the latter the court retains jurisdiction over the subject matter, parties, and all proceedings.

Rule 60.02, Municipal Court Rules of Civil Procedure,[2] provides in part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding and may order a new trial or grant such other relief as may be just * * *."

Relief under this rule is within the sound discretion of the trial

---

[1] L. 1969, c. 1142, § 1.

[2] This rule is identical to Rule 60.02, Rules of Civil Procedure.

court. Kosloski v. Jones, 295 Minn. 177, 203 N. W. 2d 401 (1973); Croes v. Handlos, 225 Minn. 247, 30 N. W. 2d 471 (1948). The judicial discretion to be exercised in such cases is invoked upon a showing that the party in default "(a) is possessed of a reasonable defense on the merits, (b) has reasonable excuse for his failure to neglect to answer, (c) has acted with due diligence after notice of the entry of judgment, and (d) *that no substantial prejudice will result to the other party.*" Hinz v. Northland Milk & Ice Cream Co. 237 Minn. 28, 30, 53 N. W. 2d 454, 456 (1952). (Italics supplied.)

The trial court may, within its discretion, require a defendant to give bond for the payment of any judgment and costs as a condition to vacating a default judgment. Finden v. Klaas, 268 Minn. 268, 128 N. W. 2d 748 (1964); Pasich v. Polga, 112 Minn. 510, 128 N. W. 669 (1910). Contra, Brown v. Brown, 37 Minn. 128, 33 N. W. 546 (1887).

We have affirmed an order vacating a default judgment where amounts subject to garnishment were held as security during the pendency of the action. Johnson v. Nelson, 265 Minn. 71, 120 N. W. 2d 333 (1963). We hold that the trial court's order of January 11, 1973, amending its original order vacating the judgment by including a provision for the continuation of the garnishment was within its discretionary power under Rule 60.02.

■ Consequently, on January 24, 1973, when the bank released the original funds, it did so in direct violation of the court's order requiring the maintenance of the garnished funds unless defendant posted a bond, which it did not do. It is true that the order of January 11, 1973, was not served on the bank, but there is no requirement by statute or at law that such an order be served on the garnishee.

We adopt the definition of a garnishee's role stated by Mr. Justice Knutson in a concurring opinion in Johnson v. Dutch Mill Dairy, Inc. 237 Minn. 117, 123, 54 N. W. 2d 1, 5 (1952):

"When the Gartner garnishment was served, the garnishee became a stakeholder of the money impounded. It was supposed

to stand indifferent as to who should have the money or property, *its obligation being to pay it out as directed by the court."* (Italics supplied.)

Credit Service Co. v. Linnerooth, 290 Minn. 256, 187 N. W. 2d 632 (1971), arose from an action wherein plaintiff sued defendant and served a garnishment summons on garnishee on May 9, 1967. Defendants failed to answer but judgment was not entered until June 23, 1969. On June 9, 1969, two weeks before entry of the judgment, the United States Supreme Court announced the Sniadach decision. The garnishee released the funds on its own volition and appealed from a judgment entered against it. We found that plaintiff's rights had vested and were not invalidated by the Sniadach decision. We further held that the garnishee was under an obligation to continue to hold the funds of defendant subject to proceedings to have the funds applied to the claim of plaintiff.

Further, our legislature has inferentially recognized the obligation of the garnishee to hold the funds. Minn. St. 571.67, subd. 2, provides in part:

"* * * Any garnishment shall lapse and the garnishee thereof shall be discharged and relieved of any liability thereon after the expiration of three years from the date of service of the garnishment summons, * * *."

The bank's actions in releasing the garnished funds were inconsistent with its role of indifferent stakeholder and in violation of its obligation to maintain the garnished funds subject to the direction of the court.

The bank's reliance on Minn. St. 571.41, prohibiting certain prejudgment garnishments, is misplaced. The garnishment originally served properly followed the entry of judgment and the court was well within its discretion in requiring the garnishment to remain in effect as a condition to reopening the default judgment.

We therefore hold that a garnishee who releases garnished

funds without an order of the court directing it to so do, or in reliance on apparent statutory authority for release of such funds, does so at its own peril and the plaintiff is entitled to judgment against the garnishee based on its disclosure at the time of the garnishment.

Affirmed.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.