**Phillip QUALY, Respondent,**

v.

**Charles MacDONALD and St. Paul and Suburban Bus Company, Appellants.**

**No. CO–86–822.**

Court of Appeals of Minnesota.

Nov. 4, 1986.

Review Denied Dec. 23, 1986.

William L.H. Lubov, Lubov & Foster, Minneapolis, for respondent.

Eric J. Magnuson, Louise A. Dovre, Rider, Bennett, Egan & Arundel, Minneapolis, for appellants.

Heard, considered and decided by FORSBERG, P.J., and FOLEY and LANSING, JJ.

## OPINION

LANSING, Judge.

In 1981 Phillip Qualy obtained a conciliation court judgment against Charles MacDonald and MacDonald's employer, the St. Paul and Suburban Bus Company, for property damages resulting from a bus-car collision. In 1985 Qualy again sued MacDonald and Suburban for personal injuries resulting from the same collision. The trial

court vacated the 1981 conciliation court judgment for property damages and allowed the personal injury action to proceed. MacDonald and Suburban appeal. We affirm.

## FACTS

In 1980 Charles MacDonald was employed by St. Paul and Suburban Bus Company as a school bus driver. On December 12 the bus he was driving collided with a car driven by Phillip Qualy. Qualy suffered injuries to his mid-back and right shoulder. He was taken to a hospital by ambulance, treated and released. Six months later Qualy brought an action in conciliation court to recover $1,000 for damage to his car. The conciliation court judge awarded Qualy $300. Mutual Service Casualty Insurance, Suburban's insurer, paid the judgment.

Over the next three years Qualy experienced intermittent back pain. He suffered localized soreness and tenderness to touch which "flared up" after athletic activity or during his work as a railroad brakeman.

In December 1984 Qualy was diagnosed as having chronic myofasciitis, or intermittent soreness and tenderness in the soft tissue of the right mid-back area. This condition is exacerbated by physical activity and sports.

In 1985 Qualy told his doctor that he was considering a personal injury action against MacDonald and Suburban. In February he asked a lawyer to obtain a diagnosis from his doctor. In November Qualy retained an attorney to bring the personal injury suit.

MacDonald and Suburban affirmatively alleged the defense of res judicata in their answer to the complaint. They claimed the 1981 conciliation court decision involving the same cause of action is conclusive upon the parties. Qualy moved to vacate the conciliation court judgment and on April 18, 1986, the court granted the motion. MacDonald and Suburban appeal that order.

## ISSUE

Did the trial court abuse its discretion in vacating the 1981 conciliation court judgment?

## ANALYSIS

The trial court vacated the conciliation court judgment under Minn.R.Civ.P. 60.-02(6). Rule 60.02(6) allows the court to relieve a party from a judgment for any reason justifying relief other than those reasons set forth in clauses (1) through (5) of Rule 60.02. The rule requires the motion to be brought within a reasonable time.

MacDonald and Suburban claim the trial court erred because the motion should have been brought under clause (1). The justifiable reasons under clause (1) of Rule 60.02 are mistake, inadvertence, surprise or excusable neglect. The rule requires that a motion under clause (1) must be made not more than one year after the judgment.

Qualy requested relief from the conciliation court judgment because at the time it was entered he was unaware of the extent of his injuries, he did not meet the no-fault threshold and he did not know the effect of the judgment on later claims. MacDonald and Suburban emphasize that Qualy knew he had been injured but nonetheless chose to sue only for property damage. They characterize this choice as mistake, inadvertence or neglect.

■ We agree that Qualy's lack of knowledge about the effect of a judgment can be characterized as inadvertence or mistake. Information on the effect of the judgment could be obtained. However, knowledge about the extent of his injuries was not readily obtainable. The record supports Qualy's position that he and his doctors believed his physical discomfort was temporary. The chronic myofasciitis was not diagnosed until December 1984.

In reviewing cases under Rule 60.02, the Minnesota Supreme Court has recognized that some cases may justify relief under both clauses (1) and (6). *Sommers v. Thomas,* 251 Minn. 461, 88 N.W.2d 191, 195

(1958). The court has also recognized that a motion may be brought under clause (6) when the severity of an injury is not determined until after the one-year time period under clause (1) has expired. *Simons v. Schiek's*, 275 Minn. 132, 138, 145 N.W.2d 548, 552 (1966).

We find no error in the trial court's proceeding under clause (6) rather than clause (1). *See Hammer v. Soderberg*, 358 N.W.2d 53 (Minn.1984).

■ MacDonald and Suburban alternatively contend that Qualy did not seek vacation of the conciliation court judgment within a reasonable time and also failed to satisfy the exceptional circumstances criteria of *Nielsen Stock and Blackburn, Ltd. v. Financial Acceptance Corporation of Minnesota*, 299 Minn. 81, 216 N.W.2d 693, 696 (1974). This doctrine requires the moving party to show (1) a reasonable defense on the merits; (2) a reasonable excuse for failing to act; (3) that the party has acted with due diligence after notice of entry of judgment; and (4) that no substantial prejudice will result to the other party. The exceptional circumstances criteria apply to default judgments. *Id.* MacDonald and Suburban cite no authority or policy which would require its extension.

■ The trial court concluded that justice was best served by vacating the conciliation court judgment and required Qualy to repay the $300 conciliation court judgment plus $300 for attorney's fees. Although explicit reasons for the exercise of discretion are helpful to the court on review, we find no abuse of discretion in the contents of the court's order.

■ The final contention, that five years is an unreasonable period of time, presents a more difficult consideration. Whether a motion under Rule 60.02(6) is made within a reasonable time depends on the facts and circumstances. *Simons*, 275 Minn. 132, 145 N.W.2d 548, 552. We recognize that the passage of five years is significant and hesitate to undermine the doctrine of finality of judgments. However, the determin-

ing factor to consider is the presence or absence of prejudice. *Id.*

MacDonald and Suburban contend that the time lapse resulted in the routine destruction of the insurer's file. They do not claim specific prejudice from the loss of any part of the file. All of the parties involved in the accident are still available.

The determination of prejudice is committed to the trial court's discretion. *Simons*, 145 N.W.2d 548, 552. The five-year lapse weighs heavily against the balance of Qualy's day in court. However, considering the progress of the injury and the lack of clear prejudice, we cannot say the time period is unreasonable. The trial court required Qualy to repay the judgment and attorney's fees for the motion; we find no abuse of the trial court's discretion.

### DECISION

We affirm the trial court's vacation of the 1981 conciliation court judgment.

Affirmed.