Catherine A. HAUKLAND, et al.,
Respondents,

v.

Jeffrey PETERSON, Appellant.

No. C1–86–1073.

Court of Appeals of Minnesota.

Nov. 18, 1986.

Review Denied Jan. 16, 1987.

Brendan Cody, David K. Cody, Daniel T. Cody Law Office, St. Paul, for respondents.

Peter A. Bologna, Murnane, Conlin, White, Brandt & Hoffman, St. Paul, for appellant.

Heard, considered and decided by POPOVICH, C.J., and PARKER and HUSPENI, JJ.

## OPINION

PARKER, Judge.

Respondent Catherine Haukland obtained a conciliation court judgment against appellant Jeffrey Peterson in October 1983 for property damage resulting from an August 1983 automobile collision. The $624.98 judgment was satisfied in November 1983. In November 1985 Haukland sued Peterson for personal injuries resulting from the same accident. The trial court vacated the 1983 conciliation court

judgment for property damages to permit the personal injury action. Peterson appeals the vacation. We affirm.

## FACTS

Peterson and Haukland were involved in an automobile collision on August 19, 1983. Haukland was treated by her personal physician on August 19, August 29, and September 9 for soreness in her neck and lower back.

On September 6, 1983, Haukland filed a claim in conciliation court for damage to her car as a result of the accident. She obtained a judgment, entered October 11, 1983, for $624.98, which was paid in November 1983.

Although Haukland's physician told her that her injuries would heal in time, her condition worsened. In late October 1983 Haukland began seeing a chiropractor for treatment. Sometime in 1985 she consulted a neurologist. Her physicians now diagnose her injury as permanent. Her current medical bills amount to more than $2,500.

Haukland states that when she brought the conciliation court action she was totally ignorant that a judgment might foreclose any future personal injury claims. Moreover, at the time of the conciliation court action she did not know she had suffered any permanent injury.

In November 1985 Haukland commenced a lawsuit for personal injury damages arising out of the 1983 accident. Peterson then moved for summary judgment, arguing that the satisfied conciliation court judgment precluded the personal injury suit because it was based on the same cause of action.

Before the trial court could hear the summary judgment motion, Haukland moved to vacate the conciliation court judgment. The trial court granted the motion to vacate and did not rule on the motion for summary judgment. This appeal followed.

## ISSUE

Did the trial court abuse its discretion in vacating a satisfied conciliation court judgment under Minn.R.Civ.P. 60.02(6)?

## DISCUSSION

The trial court vacated the satisfied conciliation court judgment under Minn.R. Civ.P. 60.02(6), which allows the trial court to relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment."

Peterson contends the trial court erred because the motion to vacate should have been brought within one year after entry of the judgment under Minn.R.Civ.P. 60.-02(1). This rule provides that mistake, inadvertence, surprise or excusable neglect are justifiable reasons to vacate a judgment. Haukland requested relief because she was unaware that her injuries were anything other than temporary soreness and because she was unaware of the judgment's effect on later claims. Peterson argues that Haukland knew she had been injured but still chose to sue in conciliation court only for property damage. He contends this falls under subdivision (1) of Minn.R.Civ.P. 60.02 and the use of subdivision (6) circumvents the rule.

The trial court noted in its memorandum that initially it appeared Haukland's right to vacate the judgment depended on subdivision (1), but the motion was not made within the one-year period. However, the trial court stated it vacated the judgment because Haukland was unaware of any future claim at the time of the judgment and because of her ignorance of the judgment's effect. We agree with the trial court's determination. Haukland was an uncounseled party whose major concern was for recovering for damage to her car. Further, at the time of judgment, her doctor believed the injury was temporary. There is no evidence to show that Haukland knew in October 1983 that she had a permanent injury. Nor does the record show she saw any physician other than the chiropractor or her family physician within one year.

In Minnesota the general rule is that "relief may not be granted under clause (6) of Rule 60.02 if the grounds therefor properly fall within clauses (1), (2), or (3) of the

rule." *Carlson v. Carlson*, 371 N.W.2d 591, 595 (Minn.Ct.App.1985), *pet. for rev. denied*, (Minn. Oct. 11, 1985) (citing *Sommers v. Thomas*, 251 Minn. 461, 88 N.W.2d 191 (1958)). However, this court went on to explain that even though there is a basis for relief under clauses (1), (2), or (3), there may be other bases for relief under clause (6). *Id.*

In *Simons v. Shiek's, Inc.*, 275 Minn. 132, 138, 145 N.W.2d 548, 552 (1966), the supreme court recognized that the impossibility of compliance with the one-year requirement under subd. (1) was sufficient to bring the case under subd. (6).

In *Mattsen v. Packman*, 358 N.W.2d 48 (Minn.1984), the supreme court held that a conciliation court judgment extinguishes all claims, including a subsequent damage claim. However, in pointed dicta, the court directed that vacation of a conciliation court judgment would permit a later personal injury action:

> This is not to say that a party who is excusably ignorant of the effect of a judgment should have no remedy. Relief may be had for cause; the judgment may be reopened through proceedings to vacate pursuant to Rule 60.02 Minn.R. Civ.P. * * *

*Id.* at 50.

In fact, in *Hammer v. Soderberg*, 358 N.W.2d 53 (Minn.1984), the companion case to *Mattsen*, the supreme court specifically permitted vacation of a conciliation court judgment under Minn.R.Civ.P. 60.02(6) to allow a personal injury action.

In this case we have an uncounseled party who relied on her physician's opinion with regard to the severity of her injuries. She was totally ignorant of the sophisticated legal concepts of res judicata, no-fault threshold and the prohibition against splitting a cause of action. In circumstances such as these, *Mattsen v. Packman* indicates that subdivision 6 should be used.

In *Jorissen v. Miller*, 386 N.W.2d 777 (Minn.Ct.App.1986), *pet. for rev. granted*, (Minn. July 16, 1986), we affirmed the vacation of a satisfied conciliation court judgment on facts nearly identical to those here. This court held that (1) a conciliation court judgment does not extinguish a claim for damages where an order to vacate was granted; and (2) the fact that the judgment was satisfied does not prevent it from being vacated. *See also Qualy v. MacDonald*, 395 N.W.2d 423 (Minn.Ct.App. 1986).

The trial court required Haukland to repay the judgment plus interest, which was done; we find the trial court did not abuse its discretion.

## DECISION

We affirm the trial court's vacation of the 1983 conciliation court judgment.

Affirmed.