**S & N ELEVATOR COMPANY, Appellant,**

v.

**Richard MANNILLO, et al., Merrill Lynch Realty/Burnet, Respondents.**

**No. CX–87–1390.**

Court of Appeals of Minnesota.

Nov. 24, 1987.
Review Denied Feb. 12, 1988.

David E. Essling, St. Paul, for appellant.

Richard Mannillo, pro se.

John Gilmore and Wendy J. Wildung, Faegre & Benson, Minneapolis, for Merrill Lynch Realty/Burnet.

Heard, considered and decided by WOZNIAK, P.J., and NORTON and IVERSON\*, JJ.

## OPINION

IRVING C. IVERSON, Acting Judge.

This is an appeal from an order of the trial court denying appellant-creditor's motion to bring a supplemental complaint against respondent-garnishee pursuant to Minn.Stat. § 571.51 (1986). We reverse.

## FACTS

On August 14, 1986, appellant S & N obtained a default judgment against respondent Richard Mannillo in the sum of $18,679.34 for services rendered. After making two installments on the judgment, Mannillo stopped payments. On January 28, 1987, appellant served a garnishment summons on respondent Merrill Lynch Realty/Burnet (Merrill Lynch), for whom Mannillo worked as an independent real estate contractor. The garnishment summons directed respondent-garnishee

to serve upon the judgment creditor * * * written disclosure, under oath, setting forth your indebtedness to the judgment debtor, Richard Mannillo.

\* \* \* \* \* \*

You shall retain such property, money and effects in your possession until such time as the judgment creditor causes a writ of execution to be served upon you, until the judgment debtor authorizes release to the judgment creditor, or until the expiration of 180 days.

On February 18, 1987, Merrill Lynch filed a garnishment disclosure form deny-

ing any indebtedness. It disclosed that Mannillo had recently earned $12,250.00 in commissions, but claimed that the First State Bank of New Brighton (the bank) had a superior interest in the total amount. (In April 1986 Mannillo and the bank had agreed to have all Mannillo's commissions paid directly to the bank when they became due and owing.)

Merrill Lynch then issued a check for the $12,250.00 in question to both Mannillo and the First State Bank of New Brighton. Mannillo endorsed it over to the bank, and the bank issued him a check for approximately $5,000, which Mannillo cashed immediately.

On March 4, 1987, appellant served Merrill Lynch with an order to show cause. The order required Merrill Lynch either to orally disclose why appellant was not entitled to the commissions or to deposit the funds with the clerk of court until the question of entitlement was determined. The order also required a showing why appellant should not be allowed to file a supplemental complaint making Merrill Lynch, as garnishee, a party to the action.

The trial court denied appellant's petition to file a supplemental complaint, finding that appellant failed to show probable cause why Merrill Lynch should be made a party to the suit. The court held there was no statutory requirement that a garnishee hold assigned assets for 20 days just so a creditor can contest the validity of the assignment. The trial court determined, therefore, that Merrill Lynch discharged its duty by disclosing the First State Bank of New Brighton's interest in the assets.

## ISSUE

Did the trial court err in not allowing appellant to file a supplemental complaint in the garnishment proceeding?

## ANALYSIS

The filing of a garnishee's written disclosure denying indebtedness to the judgment debtor operates to fully discharge the garnishee after 20 days from

\* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

date of service. Minn.Stat. § 571.50 (1986). However, if the judgment creditor files an objection to the disclosure within those 20 days, the discharge is stayed. *Id.* The judgment creditor may

> move the court * * * for leave to file a supplemental complaint making the (garnishee) a party to the action, and setting forth the facts upon which the judgment creditor claims to charge the garnishee; and, if probable cause is shown, such motion shall be granted.

Minn.Stat. § 571.51 (1986).

Appellant instituted a proceeding within 20 days from date of service as required under Minn.Stat. § 571.50. Therefore, appellant claims Merrill Lynch had an obligation to hold the funds until the court determined who had the superior claim. Appellant contends Merrill Lynch's disbursing the funds without court authorization resulted in probable cause to grant a supplemental complaint. Merrill Lynch contends Mannillo's commissions were assigned immediately to the bank and were never in its possession. Furthermore, Merrill Lynch claims it had no duty to hold the funds for 20 days.

Whether or not probable cause was shown depends on whether the evidence shows probable grounds for believing the garnishee might be held liable. *Gudbrandsen v. Pelto*, 205 Minn. 607, 610, 287 N.W. 116, 117–118 (1939). We disagree with the trial court's conclusion that no probable cause existed to file a supplemental complaint against Merrill Lynch.

■ Merrill Lynch's contention that it was not indebted to Mannillo because it was never in possession of the commissions is unfounded. Merrill Lynch issued the commission check to both Mannillo and the bank. Therefore, Merrill Lynch was in possession of funds payable to Mannillo upon issuing the check. Mannillo recovered approximately $5,000 of the full amount when he cashed the check. By making the check out to both Mannillo and the bank, respondent distributed garnished funds to the judgment debtor in violation of the garnish-

ment summons. *See* Minn.Stat. § 571.41 (1986).

■ Furthermore, a garnishee has an obligation to hold disputed funds until a court determines who is entitled to them. The failure of a garnishee to do so imposes liability on the garnishee for the amount disbursed. *Nielsen Stock & Blackburn, Ltd. v. Financial Acceptance Corporation of Minnesota, Inc.,* 299 Minn. 81, 86–87, 216 N.W.2d 693, 697 (1974). In *Nielsen,* a garnishee bank allowed a judgment debtor to withdraw garnished funds from his checking account in direct violation of a court order. The court reasoned such action was inconsistent with the garnishee's "role of indifferent stakeholder and in violation of its obligation to maintain the garnished funds subject to the direction of the court." *Id.,* 299 Minn. at 86, 216 N.W.2d at 697; *see Johnson v. Dutch Mill Dairy,* 237 Minn. 117, 54 N.W.2d 1 (1952).

■ Merrill Lynch was served with the garnishment summons prior to Mannillo's commissions becoming due and owing. Nevertheless, Merrill Lynch disbursed the funds before the 20 day holding period ended and before a court determination of entitlement. We hold the unauthorized distribution by joint check gave rise to probable cause to believe Merrill Lynch might be liable to appellant for the garnished funds. Therefore, we reverse the trial court and conclude there was probable cause for appellant to file a supplemental complaint.

### DECISION

The trial court erred in determining appellant failed to establish probable cause to believe respondent was liable on the underlying debt.

Reversed.